Nov. Term, 1859.

CLEVELAND
v.
STANLEY.

</div>

---

<div align="center">

CLEVELAND *v.* STANLEY.

</div>

The defendant cannot, as of course, and without cause shown, claim a continuance, because the plaintiff has failed to answer interrogatories.

APPEAL from the *Hendricks* Court of Common Pleas.

WORDEN, J.—Suit by *Stanley* against *Cleveland* upon a note. Answer, payment. Replication.

The defendant filed interrogatories, to be answered by the plaintiff, who was ruled to answer them; but no time was fixed within which they were to be answered. There-

<div align="right">

Thursday,
December 22.

</div>

upon *Stanley's* attorney filed an affidavit that *Stanley* was not present, nor did the affiant know where he might be found, nor the place of his residence, wherefore the interrogatories could not be answered without delay, and asked that the rule might be discharged, unless the defendant should comply with the statute, &c.

The defendant offered to prove that *Stanley* lived within four miles of the court-house; but the Court refused to hear the evidence, set aside the rule to answer the interrogatories, and the cause proceeded to trial, resulting in a finding and judgment for the plaintiff.

It is objected that no replication to the answer had been filed at the time the rule to answer the interrogatories was set aside; but we cannot perceive any error in this. A replication was filed before the cause was tried.

It is also objected that the affidavit filed was not sworn to; but it purports to be an affidavit, and was so treated in the Court below, although it does not appear to have the jurat of the clerk. It may have been sworn to in open Court; and if so, it needed no jurat as evidence that it had been duly sworn to by the affiant.

We see no substantial error in the case. The plaintiff, under the circumstances, was entitled to a trial of the cause, and the formal order setting aside the rule to answer the interrogatories was immaterial. The cause might have legally proceeded to trial without setting aside the rule. The plaintiff would have been entitled to a trial, without the affidavit filed by his attorney, and the fact offered to be shown by the defendant, if proven, could not alter the case. The plaintiff was either present or absent, and, in either event, was entitled to go on with the trial. If present, because no time had been fixed within which he was required to answer the interrogatories, and no steps whatever had been taken to compel an answer. *Rice* v. *Derby*, 7 Ind. R. 649. If absent, because no affidavit was filed on the part of the defendant, as required by the act of 1855. Acts of 1855, p. 59. A temporary delay does not appear to have been asked for, and, by the statute referred to, the filing of interrogatories does not work a

continuance of a cause without an affidavit of merits. <span style="float:right">Nov. Term,</span>
Perhaps, under the statute, in the absence of a party, the <span style="float:right">**1859.**</span>
Courts might delay a cause temporarily for an answer to <span style="float:right">VORE</span>
interrogatories, without affidavit; but, as before remarked, <span style="float:right">HURST.</span>
no such temporary delay was asked, nor does it appear
that it could have been granted without occasioning a
continuance.   The proceedings were had on the ninth day
of the term, and how much longer the Court continued in
session, does not appear.

The case of *Cleveland* v. *Hughes*, 12 Ind. R. 512, is very
much like the present, and fully sustains the ruling here.

*Per Curiam.*—The judgment is affirmed with 5 per cent.
damages and costs.

*C. C. Nave* and *J. Witherow*, for the appellant.

*L. M. Campbell, H. C. Newcomb*, and *J. S. Tarkington*,
for the appellee.