# Charleston.

## JOHN A. HUNTER *et al. vs.* WALLACE ROBINSON, ADMINISTRATOR.

### January Term, 1872.

1. Where a bill seeks a personal decree against two surviving obligors in a bond, it is not necessary to make the personal representative of a deceased obligor a party to the bill, as no personal decree could be had against him.

2. A bill is brought to enforce the payment of bonds which are lost; the bill is not sworn to, but it is accompanied by an affidavit of their loss, which is made a part of the bill, and it is held that is sufficient to satisfy the requirements of the law in such cases.

3. A deposition is taken at the time and place specified in the notice, to be read &c., but in the certificate of the officer who took it the plaintiff is styled *William Robinson,* Administrator, &c., when the suit was *Wallace* Robinson, &c.; and it is held that this mistake in the name of the plaintiff (who had sued in his representative character) could not have misled the defendants, and was not sufficient to exclude the deposition.

4. It is too late to urge as an objection that certain depositions were taken after the master's report was filed, when it appears by the record that the cause was finally heard below on the report of the master and also such depositions, *without objection.*

5. Where, in a suit to enforce the payment of lost bonds, the final decree recites that at the time of its rendition the bonds were found and filed with the papers of the cause, no provision of indemnification against the loss of the bonds is necessary.

This was a bill in equity filed in the circuit court of Greenbrier county at February rules, 1869, by Wallace Robinson, sheriff of that county, to whom was committed the estate of William Perkins, deceased, against John A. Hunter and Samuel C. Ludington. It alleged that the defendants, together with one Daniel H. Holnaker, deceased, had, in the lifetime of the latter, executed sundry bonds payable to the plaintiff's decedent, two of which yet remained unpaid; that they were now lost or destroyed; that plaintiff's decedent deceased in the year 1859, and William S. McChesney became his personal representative in Augusta county, Virginia;

that Stalnaker had deceased, and his estate had also been committed to the plaintiff for administration; that the orator could not sue at law, because the bonds were lost, and because he was himself the personal representative of Stalnaker; that the estate of the latter was insolvent. The bill asked a decree against Hunter and Ludington. An affidavit of the loss of the bonds accompanied the bill, made by McChesney. The defendants demurred and answered, alleging fraud in the procurement of the bonds and sundry payments made thereon.

The cause was referred to a master, who reported thereon on the 30th of March, 1870, substantially allowing the plaintiffs' claim.

A decree was had for the plaintiffs on the 14th of April 1871.

Several points were made in this court, which are all apparent, as well as the facts connected therewith, in the opinion of Berkshire, P.

The defendants appealed to this court.

*J. W. Davis* for the appellants.
*Price & Sperry* for the appellee.

BERKSHIRE, P. Numerous objections are urged against the decree rendered in this case, none of which, it appears to me, can be sustained. The first is, that the court erred in not dismissing the bill (upon demurrer) for failing to make the personal representative of Daniel H. Stalnaker, deceased, a party; and also because it was not sworn to by the complainant. The object of the bill was to obtain a personal decree against Hunter and Ludington, the appellants, as the surviving obligors of the lost bonds executed by them and the said Stalnaker to William Perkins, the appellee's intestate. But as no such personal decree could have been rendered against Stalnaker's personal representative, who was the appellee himself, if he had been brought before the court, it was not necessary to make him a party to this proceeding. The allegations of the bill, as to the loss of the bonds, are supported by the affidavit of William S. McChesney, who

35

was the personal representative of said Perkins in *Virginia,* and from whose custody the bonds seem to have been lost, which was filed with and made a part of the bill, and was sufficient to satisfy the requirements of the law in such cases. The demurrer, therefore, was properly overruled. It is also objected that the court erred in not sustaining the appellant's exception to the deposition of William S. McChesney. The exception endorsed is "because it was not taken in this cause pursuant to notice." It appears that the deposition was taken at the time and place specified in the notice, which was served on the appellants, to be read as evidence on behalf of plaintiffs in the suit of *William* Robinson, administrator of William Perkins, against the appellants, then pending in the circuit court of Greenbrier county, West Virginia. The only defect or discrepancy is in the certificate of the officer who took the deposition, and consists in calling the administrator of Perkins, *William* instead of *Wallace* Robinson. But this slight mistake in the name of the complainant (who had sued in his representative character) could not have misled the defendants, and was therefore not sufficient exclude the deposition. A further objection urged was that the court erred in not recommitting the master's report, for the purpose of allowing the appellants an opportunity of rebutting the testimony of said McChesney, taken after the report of the master was returned and filed.

It appears that the cause was finally heard on the report of the master, as well as the depositions taken after it was filed, without any objection by the appellants, and consequently it is too late to urge such objection here. It was further insisted that the court committed an error in disallowing the payments as credits reported by the master. But these alleged payments, I think, were effectually disproved by the testimony of said McChesney, and were, therefore, properly excluded in the final decree. And finally, it was objected that it was erroneous to decree against the appellants, without providing for their indemnification against the loss of the bonds, &c. The final decree recites that at the *time it was rendered* the bonds had been found, and were filed with the papers of the cause. There could, therefore, be no more necessity for such indemnity than there would have been if a

judgment had been obtained, and the bonds filed therewith, at law.

The decree must therefore be affirmed with costs and damages.

The other judges concurred.

DECREE AFFIRMED.