# CHARLESTON.

## PARKER v. CLARK.

### March 2, 1874.

1874.
January Term.

7  467
40  558

1. The clerk of the District Court of the United States for the District of West Virginia, is authorized to administer an oath, under the twenty-seventh section of chapter one hundred and seventy-six of the Code of Virginia, ed. 1860, in any case therein provided, the clerk of said court being embraced within the words, "or the clerk of any court."

2. An affidavit made to a petition for a rehearing, by a party not served with process, is sufficiently certified under the Code of Virginia, ed. 1860 by the following words : "Subscribed and sworn to before me this 22nd day of September, 1865," the name and official character of the certifying officer, being recognized and admitted by the parties.*

Appeal from an order of the circuit court of Cabell county, upon a petition of Peter Clark, on behalf of himself and others, asking an opening and a rehearing of a certain decree rendered against them, in favor of Willard Parker, in said circuit court, theretofore. So many of the facts as is necessary to an understanding of the case appear in the opinion of the Court.

* The following, is section twenty-seven of chapter one hundred and seventy-six of the code of Virginia, ed. 1860, referred to in the opinion of the Court.

"27. In any case in which an oath might be administered by, or an affidavit made before a justice, the same may be done by or before a notary public, or a commissioner appointed by the governor, or by a court, or the clerk of any court ; or in case of a survey directed by a court in a cause therein pending, by or before the surveyor directed to execute said order of survey. An affidavit may also be made before any officer of another state or country authorized by its laws to administer an oath, and shall be deemed duly authenticated if it be subscribed by such officer, and there be annexed to it a certificate of the clerk or other officer of a court of record of such state or country, under an official seal, verifying the genuineness of the signature of the first mentioned officer, and his authority to administer an oath."

The Hon. James W. Hoge judge of the Mason circuit court, presided at the hearing below.

*Ralph Leete,* of Ohio and *Benjamin H. Smith,* and *James M. Laidley,* for the appellants.

*James H. Ferguson,* for the appellee.

PAULL, JUDGE:

In June, 1864, Willard Parker filed his bill, in the circuit court of Cabell county, to subject to sale the estate and interest of Peter Clark in certain tracts or parcels of land, lying in different counties of this State, and which had been previously assigned to said Parker, as a security for debts and liabilities due to him, by the said Clark.

On the 16th day of September, 1864, a decree was entered against the said Clark for the payment of over $50,-000, and a sale directed of his interest in the lands aforesaid, for its payment. This estate was sold by a commissioner of the court, and report of sale made and returned and confirmed by the court, by an order in said cause made the 4th day of January, 1865.

On the 26th of September, 1865, Peter Clark, on behalf of himself and others, filed his petition for a rehearing of the case under the provisions of the Code of Virginia, and the subsequent amendments thereof. This petition with the affidavit thereon, are found in the record, which recites that they were filed at that time.

At the November term, 1865, it was ordered that this petition be dismissed : whereupon, the petitioner, Peter Clark, forthwith tendered his petition *de novo,* with accompanying affidavit, and it was ordered by the court that the same be filed, &c. The record then exhibits the following proceedings; that on the 23d day of March, 1867, on petition to open decree and make defence in the case of Willard Parker, *v.* Peter Clark and others, came the petitioner and tendered his petition, with accompanying affidavit and bond, and it was ordered, by the court,

that the same be filed, and that summons be awarded the petitioner against the said Willard Parker, returnable to the first day of the next term of this court. The summons not being executed, an order of publication was taken against the said Parker, and on the 24th day of September, 1868, the following order was made; (after reciting that the order of publication was made, and the cause coming on for a rehearing) "that the said petitioner, upon executing a bond with good and sufficient security in the penalty of $5,000, conditioned as the law directs, on or before the end of the next term of this court, is permitted to file his answer, and make defence to this suit, and that the suit be opened and reheard."

In this state of the case, it seems, that in May, 1869, Peter Clark again filed his petition to have the case opened and reheard; but the judge then presiding having been counsel for Parker, no action was had, except to direct the petition to be filed and action thereon continued. At the August term 1869, the petitioner tendered a bond for costs, with surety, in the penalty of $5000, but the judge being counsel, as aforesaid, declined to act upon the same, and the cause was continued.

The next order appearing in the record was made on the 6th of January, 1870, dismissing the petition, the counsel for Willard Parker claiming that the petition so dismissed, was the same filed in May, 1869.

The grounds on which the same was dismissed, are stated to have been, "that the clerk of the District Court of the United States, who appears to have certified the affidavit thereto, had no authority to administer oaths in cases in this court, and because the said petition is not accompanied by the affidavit required by law." .The counsel for Parker moved the court to dismiss the petition on the above grounds, and it was done, accordingly. Peter Clark then mo.ed the court to re-instate the petition and accompanying affidavit upon the trial docket of the court under the eleventh section of chapter one-hun-

dred and twenty-seven of the Code, but the motion was overruled. The history of these proceedings appears to be confused, and this Court endeavored, by means of a *certiorari,* to obtain, if possible, a more complete or satisfactory record. The effort, however, has failed, and the questions arising must be determined as they now appear.

It is now insisted, in this Court, that the order dismissing the petition, in January, 1870, was erroneous.

If the petition had been presented to the court below, for the *first time,* in May, 1869, an order dismissing it, might have been proper, the same not having been filed within one year from the date of the decree complained of, which was made in the year 1865 : See Amendments to the Code page 750, being an act passed March, 3, 1870. But this was the same petition which was filed in March, 1867, and at a previous term, and which was filed within five years from the date of the decree complained of, that being the period limited by the Code, at that time, and previous to the act of March, 1870. That this is the same petition would seem to be, apart from the fact that a writ of *certiorari* returned, shows that the record is complete, and consequently no petition filed in the cause or among the papers, has ever been lost.

This is also further evident from the fact that while the record does not show how the affidavit to the petition, filed in May, 1869, was certified, yet the order dismissing the same in January 1870, recites that it was certified by Jasper Y. Moore, clerk of the District Court of the United States, and holds the certificate of the clerk to be insufficient. And again, the petition filed in September, 1865, and the certificate thereto. as given by said Moore, clerk as aforesaid, are the only petition and certificate found in the record, and would thus indicate that they are the same that were filed, also, in 1867. Moreover, the argument of the counsel of Willard Parker before this Court, is founded now, as in the court below, upon the

alleged insufficiency of said Moore's certificate, and stating that the same petition was presented, on several occasions, and refers to it, and the affidavit, as being the same found in the record on page twenty-seven where it *first* appears. This petition, therefore, being filed in time, it was error to dismiss it, unless demanded by some principle or provision of law.

No process ever having been served on said Peter Clark, and he having been proceeded against by publication, this petition was filed under the thirteenth section of chapter one hundred and seventy of the Code of 1860, as amended by the second section of chapter twenty-nine, of Session acts of the year 1865.

This act of 1865, required that the petition should be accompanied by an affidavit, which is now familiarly known as the "test oath;" and if the petitioner did not claim to be a citizen of this State, that he should also take an oath to support the Constitutions of the United States and of West Virginia.

It may now be observed that the act of 1865, prescribing the oath aforesaid, as a pre-requisite to the filing of the petition, has been adjudged by this Court, in different cases, to be unconstitutional and void ; it was not necessary that the said oath, should accompany the petition. Not claiming to be a citizen of West Virginia, no oath to support the Constitution of this State, or of the United States, was necessary.

The only remaining ground therefore, on which it is now maintained, that said petition was properly dismissed, is, that it is not verified as required by the provisions of the Code of Virginia, existing at that time, amended as aforesaid. The twenty-seventh section of chapter one hundred and seventy-six of said Code in force at the time, provides "that in any case in which an oath might be administered by, or an affidavit made before a justice, the same may be done by a court, or the clerk of any court.

We think this language sufficiently comprehensive to include the courts, or the clerks of the courts of the United States, holding and exercising jurisdiction within the limits of this State. They are, in some respects, recognized as courts of the State; their judgments are treated as liens upon real estate; they adopt the rules of practice prevailing in our courts, and in questions exclusively applicable to our own people, and arising under the laws of the State, they recognize the principles and adopt the authority of our decisions: This subject is more extensively discussed in the opinion delivered by Haymond, President, in the case of *Dickinson v. Railroad Company, infra,* to which reference is here made. It is said, however, that the certificate appended to the petition, in the following words: "subscribed and sworn to before me, &c.," is not sufficient. In the Code of Virginia no form of certificate, for the verification of pleadings, such as appears in the present Code, page six hundred and five, was prescribed. These words certainly refer to the petition, and must be held as embracing and verifying the contents of the petition. Formerly, where no form of certificate was prescribed, it was a very common and constant mode of certifying an affidavit to the contents of a paper, or of a pleading, and the very absence of all controversy and decision in our courts upon the question, may be regarded as some evidence in favor of the sufficiency of such a certificate.

And again, this form of certificate, in the same words, is prescribed in the present Code, to the affidavits of assessors of lands; see pages one hundred and seventy-four and one hundred and seventy-five; and, was also, with the omission of the word "subscribed," so prescribed for assessors in the code of Virginia, page two hundred and five.

But again it is said, that the words and letters used by Jasper Y. Moore, to designate his official character, are not sufficient for the purpose. Without passing upon this question, we think the defendant Parker is precluded

from that objection here. The record expressly recites that he, by his attorney, moved the court below to dismiss this petition for the following reason, to-wit: "inasmuch as the clerk of the District Court of the United States, who appears to have certified the affidavit thereto, had no authority to administer oaths in cases in this court." Here his official character was fully recognized and admitted, and was made the basis of the court's action in dismissing the petition.

Upon the view of the whole case, it is adjudged, ordered and decreed that the order entered in this cause on the 6th day of August, 1869, and all subsequent orders therein made, be reversed and set aside; and this Court proceeding to make such order and decree as the said circuit court should have made in the cause, on the said 6th day of August, 1869, it is adjudged, ordered and decreed that the petition of Peter Clark and others, heretofore filed in this cause, be taken and considered as being regularly filed, heretofore, and that the bond presented to the said court on the date last aforesaid, bearing date the 5th day of August, 1869, be received and filed, and that a rehearing be granted said Clark, and the other persons named in such petition, in said cause, as prayed in the said petition; and the cause is remanded to the circuit court of Cabell county, to be proceeded in, as in such cases, the law directs and justice and equity require.

Haymond, President, and Hoffman, Judge, concurred. Absent, Moore, Judge.

JUDGMENT REVERSED AND CORRECTED, AND CAUSE REMANDED.