# Wheeling.

## HICKMAN v. PAINTER et al.

### Decided October 25, 1877.

1877.
Special Term.

1. A bill is filed by H., to set up a lost receipt, which the defendant, P., had given H. as constable, for certain claims put in the said constable's hands for collection. On demurrer, HELD:

   I. Equity has jurisdiction, notwithstanding courts of law exercise jurisdiction in the same class of cases.

   II. The court relieves against the accident of the loss, by setting up the evidence of the debt.

   III. The court, having taken jurisdiction for one purpose, it will adjudicate the full merits.

2. To such bill, the clerk appends his *jurat*, thus: " Sworn to in open court by the plaintiff." HELD:

   I. That as the plaintiff swore to the bill in open court, and as the bill specifically alleges the loss of the receipt, the oath, thus taken or made, is sufficient to answer the requirement of the law as to a lost instrument.

   II. That as the statute prescribing the form of the *jurat* for the verification of pleadings, does not make it obligatory to follow that precise form, but authorizes that it should be to the same " *effect*," it is not necessary, when the pleading is sworn to in open court, that there should be the clerk's *jurat* of the precise verification made; the appellate court will presume the verification to have been in *effect* that prescribed by the statute.

   III. The *jurat* of the clerk in this case is sufficient.

3. Where the order of the circuit court, referring a cause to a person to take, state and settle an account of indebtedness, designates him " *a master commissioner of this court*," and there is nothing in the record to show he was not one of the commissioners of the court. HELD:

1877.
Special Term.

Hickman
v.
Painter *et al.*

I. The appellate court will, in such case, consider him regularly appointed and qualified as such commissioner.

II. As such commissioner, he is authorized not only to take and state the account referred to him, but also to take depositions.

4 Where an answer does not allege new matter constituting a claim for affirmative relief, and does not pray for affirmative relief, but merely alleges payment and set-off to the plaintiff's demand, it does not necessitate a reply to controvert the allegations, as required by sections 35 and 36, chapter 125 of the Code, and proof thereof should be required; especially so, when the answer is in no part taken for confessed.

5. Where the record is irregular and confused, and the proof somewhat vague, the appellate court will not reverse a decree in such a case, unless it is clearly wrong.

Appeal from, and *supersedeas* to, a decree of the circuit court of the county of Fayette, rendered on the 29th day of August 1871, in a cause in chancery in said court then pending, wherein John Hickman was plaintiff, and Anderson Painter and others were defendants, allowed upon the petition of the defdenants below.

Hon. H. L. Gillaspie, a former Judge of said court rendered the decree complained of.

MOORE, JUDGE furnishes the following statement of the case :

Hickman filed his bill in chancery at the June rules, 1868, holden for the circuit court of Fayette county, against Anderson Painter and others, alleging, substantially, that in the year 1859 or 1860, he placed in the hands of said Painter, who was then constable for said county, "a number of small notes and accounts against divers persons to warrant for and collect, which notes and accounts amounted in all to something more than $300.00," for which he took Painter's receipt as constable, and that the said receipt "has been lost or misplaced" so that the plaintiff "cannot now designate the amounts of each or even all of the same, or even all of the persons from whom they were due, as he has only

his memory to look to in the matter; that most of the claims, if not all of them, were due from persons entirely solvent, and as he "believes and charges have been paid to said Painter;" that he remembers some of the debtors, and can approximate their debts, " which are as follows, viz : A note against John B. Jones for about $20.00 ; one or two notes against T. S. Robson for about $30.00; one against Allen Meadows for about $20.00 ; the others are not remembered, but the aggregate amount was fully $300.00, most, if not all of which plaintiff " charges was collected by said Painter, but no part of the same has ever been paid to your orator;" that "at the time said claims were placed in the hands of said Painter, James Montgomery, Joseph Faulkner, John Wingrove, and Thomas S. Robson were the sureties of said Painter as constable, as will more fully appear by reference to the official bond of said Painter," (a copy of which bond he filed with the bill); that Joseph and John Wingrove have departed this life; that the administration of the estate of Wingrove was committed to R. B. Cassady, sheriff of said Fayette county; and that Wm. Myles has qualified as the administrator of Jos. Faulkner; that " Painter is liable for said claims, or at least to account for them so far, as they have, or could have been collected" &c.; plaintiff therefore prays, "that said Painter be compelled to discover what has been done with said claims, what has, or what could have been collected, and what disposition he has made of the same ; and that he and his securities be compelled to pay over to plaintiff the amount for which they are liable; and for "such other, further and general relief as is consistent with equity." The bill contains the usual prayer for parties to be made defendant, and compelled to answer upon oath. To the bill is appended the following : "Sworn to in open court by plaintiff, W. T. Timberlake, clerk circuit court, Fayette county".

On the 22d day of September 1868, the bill having been taken for confessed, the circuit court, on motion of

the plaintiff, ordered "that H. W. Brazie, a master commissioner of this court, do take an account of the debts referred to in this cause, placed by the plaintiff in the hands of the defendant, Painter, and that he do state and settle the accounts between the parties, and report," &c.

On the 23d day of August 1869, the said commissioner filed a report in the cause, stating "that said account cannot be taken unless the parties appear before him, and that A. Painter has failed to appear after notice, and therefore the account cannot be taken, unless he do appear."

That report was excepted to, because "not made in obedience to an order of court, and because it was not made on a subject referred to the commissioner."

On the said last mentioned day, the court acting upon said report, ordered: "that an attachment be sued forth against A. Painter, for his contempt in failing to obey the summons of commissioner H. W. Brazie," * * "unless," &c.

The said commissioner gave notice to said Painter, that on the 14th day of February 1870, at his office, he would take and state said account, and required him to appear with all his papers relating to the cause.

On the 23d day of February 1870, Anderson Painter, filed in the clerk's office of said court his answer, with exhibits of counter claims and sets-off, to said bill, which purports to have been sworn to in open court, February 24, 1870.

The answer admits that plaintiff placed in defendant Painter's hands as constable, as alleged in the bill, certain claims, the exact amount defendant did not recollect, " but is quite sure that all the claims taken together did not amount to the sum of $300.00, that the claims set forth in plaintiff's bill, to-wit: the claim of $20.00 on John B. Jones, the claim on T. S. Robson for $30.00, and on Allen Meadows for $20.00, the following disposition was made of them, to-wit: the $20.00 claim on Meadows

was returned by this respondent to plaintiff, and is now in his possession ; the debt on Jones aforesaid was only for the sum of $9.38, and has long since been paid to said Hickman, and over paid as will be seen by an order drawn upon this defendant by plaintiff, said order bearing date March 10, 1859," (and filed as part of this answer), " being for the sum or $13.67, which order was duly accepted by this defendant ; besides said Jones placed in the hands of this defendant various fee bills on the said Hickman amounting to $——, (which fee bills are filed as part of this answer). That the " claims mentioned in plaintiff's bill on T. S. Robson have long since been paid by this defendant to plaintiff, to-wit: in the year 1859 ; and the respondent says that all the claims, at any time placed in his hands as constable as aforesaid by plaintiff, have either been paid to said plaintiff, or regularly returned to the clerk's office *"no property found,"* as required in such cases by law, and were against persons wholly insolvent." Respondent further denies owing plaintiff anything, or being in any respect liable to him as an officer as aforesaid; but charges that the plaintiff " is indebted to him for official services rendered him, and for sums advanced for him, and one saddle of value $20.00, in the sum of $60.00," (as seen by an account filed with the answer) and also in certain other sums stated in the answer and exhibits filed therewith.

The defendant Painter also filed the plea of the statute of limitations, and on the 23d day of February 1870 the court gave said defendant leave to file his answer, which he did, and the plaintiff filed his replication thereto.

On the 23d day of August 1870 the court ordered the commissioner theretofore appointed to proceed to take the account in this cause, and further ordered him "to take any proof offered by either party in reference to the claims and demands mentioned in this cause, and to examine either party on oath if required, or if he may think it necessary; and that he show what amount is due

to either of the parties from the other," and report his proceedings.

The commissioner filed his report January 20, 1871, with the exceptions thereon endorsed, which report shows that both parties were present at the taking of said account, and that after considering the depositions filed with the papers of the cause, theretofore taken, and those taken before him, the commissioner found due plaintiff from defendant Painter $300.00, with interest from 1859 until paid, subject to a credit of $14.40 of same date, leaving a balance due said plaintiff of $285.60, interest to February 20, 1871, (eleven years, one month, twenty days) $188.50; total due to date $474.10."

The defendant excepted to the said last report, because: 1st. It is contrary to the evidence. 2d. It does not pursue the order directing it. 3d. It is informal. 4th. That there is no testimony before the commissioner, or filed in the papers of the cause, showing any indebtedness of the defendant.

On the 28th day of August 1871, the following order was made by the court: "This cause came on to be heard upon the exceptions, filed to the affidavit made by the plaintiff to the allegations of the bill; and the demurrer to the bill, after argument of counsel, was overruled by the court."

On the 29th day of August 1871, the court rendered the following decree :

"This cause came on, this 29th day of August 1871, to be heard upon the bill of the plaintiff, regularly matured for hearing, and the exhibits filed therewith, and the answer of Anderson Painter, with replication thereto, and depositions of witnesses, and the report of commissioner H. W. Brazie, with the exceptions thereto, and was argued by counsel. Upon consideration whereof, it is adjudged, ordered and decreed, that said report be confirmed, except as to $54.60 paid in the year 1859. It is further adjudged, ordered and decreed, that the plaintiff recover of the defendants, Anderson Painter,

James Montgomery and R. B. Cassady, administrator of John Wingrove, deceased, to be levied of the goods and chattels of John Wingrove, deceased, in the hands of his administrator to be administered, Thomas S. Robson, and William Myles, administrator of Joseph Faulkner, deceased, to be levied of the goods and chattels of Jos. Faulkner, deceased, in the hands of his administrator to be administered, in the sum of $394.81, with interest thereon from the 29th day of August 1871, until paid, and his costs by him about his suit in this behalf expended, including an attorney's fee of $25.00.

*J. W. Davis*, for appellants, cited:

Code W. Va., chap. 130, §23; 1 Greenl. part 3, chap. 2, § 329; *Lyons* v. *Miller*, 6 Gratt. 427.

*A. C. Snyder*, for appellee:

The plaintiff's bill is maintainable upon two distinct grounds:

1st. It is a suit upon a *lost instrument: Shields* v. *Commonwealth*, 4 Rand. 541; *Kerney* v. *Kerney*, 6 Leigh 478; *Hunter et al.* v. *Robinson, adm'r*, 5 W. Va., 272.

In the case of *Cabell* v. *Megginson*, a bill upon a lost instrument was sustained without an affidavit: 6 Munf. 202. But if an affidavit is required, it can be filed, or the bill sworn to, at any time before final hearing: *Thornton* v. *Stewart*, 7 Leigh 128. In the case at bar the bill shows, that it was duly sworn to. An affidavit, if sworn to in open court, is sufficient without the *jurat*: *Cleveland* v. *Stanley*, 13 Ind. 549.

2d. It is a bill for a *discovery: Chichester* v. *Vass*, 1 Munf. 98; *Scott* v. *Osborne*, 2 Munf. 413; *Lyons* v. *Miller*, 6 Gratt. 427; *Coffman* v. *Sangston*, 21 Gratt. 263.

If the bill shows ground for a discovery, which is not proved in the case, the defect cannot be reached by demurrer or answer upon the merits. The jurisdictional facts must be put directly in issue, either *by plea, or specific denial* in the answer: *Pryor* v. *Adams*, 1 Call 382, 391.

MOORE, JUDGE, delivered the opinion of the Court.

This cause is before us upon an appeal allowed the defendants from the decree of August 29, 1871, rendered by the circuit court of Fayette county. The first ground of error, presented by the appellants, is, that the circuit court did not sustain the demurrer to the bill, upon the ground that it was not sworn to at the time the demurrer was filed, and that when it was sworn to, afterwards, it was not done as required by the Code, chapter 125, §37, p. 604. That section, declares: " If the plaintiff desire the defendant to answer the bill on oath, he must verify his bill by oath ; and if the bill be so verified the defendant must in like manner verify his answer. But if the bill be not verified, the defendant need not verify his answer, and if he does so, it shall not be entitled to any more weight in the cause than if it had not been verified. In case the defendant verify his answer, alleging new matter constituting a claim for affirmative relief, the plaintiff must verify his reply thereto." The 42d section of said chapter, " The verification of any pleading, and the certificate thereof, shall be in form or effect as follows:

STATE OF WEST VIRGINIA, —— COUNTY, TO-WIT:

A—— B——, plaintiff, (or defendant, as the case may be), named in the foregoing bill, (or answer, replication, or plea, as the case may be), being duly sworn, says that the facts and allegations therein contained, so far as they are stated on his own knowledge, are true, and that so far as they are stated upon information, he believes them to be true.

A—— B——, plaintiff, (or defendant).

Taken, sworn to, and subscribed before me, this — day of ——.

C—— D——, clerk, (or other officer swearing him).

If the party required to verify a pleading, be an administrator or other fiduciary, it shall be sufficient if he swears that he believes the plea or other pleading to be true."

1877.
Special Term.

Hickman
v.
Painter et al.

Upon an appeal to this court in the matter of petition of *Peter Clark* &c. 7 West Va. 467, in the opinion of the Court, at page 472, Judge Paull said : " It is said however that the certificate appended to the petition, in the following words: ' *subscribed and sworn to before me,*" &c., is not sufficient. In the · Code of Virginia no form of certificate, for the verification of pleadings, such as appears in the present Code, page 605, was prescribed. These words certainly refer to the petition, and must be held as embracing and verifying the contents of the petition.    Formerly where no form of certificate was prescribed, it was a very common and constant mode of certifying an affidavit to the contents of a paper, or of a pleading, and the very absence of all controversy and decision in our courts upon the question may be regarded as some evidence in favor of the sufficiency of such a certificate."

In the case of *Hunter et al.* v. *Robinson adm'r*, 5 West Va. 272, which was a bill brought, since the adoption of our Code, to enforce payment of lost bonds.    The bill was not sworn to, but was accompanied by an affidavit of the loss of the bonds, made by one McChesney, from whose custody the bonds seem to have been lost, and was made a part of the bill, it was held by this Court, Judge Berkshire delivering the opinion, that the McChesney affidavit, " was sufficient to satisfy the requirement of the law in such cases," and that the demurrer was therefore properly overruled.

In *Thornton* v. *Stewart*, 7 Leigh 128, which was also a bill for relief upon a lost bond, the bill prayed a discovery from the defendants of the execution of the bond, and of the transfer thereof to *Stewart*, and such relief as he should be found entitled to.    This bill was not verified by affidavit, nor was any affidavit filed *with the bill* of the fact of the bond being lost; the bill was answered by. *Thornton* and *Scruggs*, and there was a general replication to *Thornton's* answer, but no replication to the answer of *Scruggs*.    The cause was removed

from the county court to the superior court of chancery, "and there, many years after the commencement of the suit, the plaintiff made and filed an affidavit, that the bond, at the time of the exhibition of the bill and still was lost, and that he had no hope of ever finding it." Tucker, J., in delivering the opinion of the court, said: " For though it was not filed with the bill, it is one of those defects, which I think may well be supplied in the progress of the cause, where there has been no demurrer to the bill for want of it."

In the case before us, the bill is filed to set up a lost receipt, which the defendant Painter had given, as constable, to the plaintiff for certain claims, put in the constable's hands for collection. It is well established that " equity has jurisdiction whenever a lost instrument is to be set up, notwithstanding that the courts of law now exercise jurisdiction in the same cases:" *Shields* v. *Commonwealth*, 4 Rand. 541; and the facts of the case may be ascertained by reference to a commissioner, or by issues to be tried by a jury, according to the common course of the court: *Idem* 546, opinion by Green, J. The court relieves against the accident of the loss, by setting up the evidence of the debt: *Harrison* v. *Field*, 2 Wash. 136 ; and having taken jurisdiction for one purpose, it will adjudicate the full merit of the case. Our Code, chapter 130, §14, p. 617, permits such proceeding upon affidavit of such loss, but does not prescribe any form for an affidavit for that purpose. In the case of *Cleveland* v. *Stanley*, 13 Ind. 549, 550, Worden, Judge, delivering the opinion of the court said: " It is also objected, that the affidavit filed was not sworn to ; but it purports to be an affidavit, and was so treated in the court below, although it does not appear to have the *jurat* of the clerk. It may have been sworn to in open court; if so, it needed no *jurat* as evidence, that it had been duly sworn to by the affiant." Now, under the statute, it was not obligatory on the plaintiff to make oath to his bill, as mere pleading, unless he wanted

to compel the defendant to answer under oath; but it was necessary to make affidavit of the loss of the receipt, he wished to set up. I am of opinion, that as the plaintiff swore to the bill in open court, and as the bill alleges the loss of the receipt, the oath thus taken or made, is sufficient to answer the requirement of the statute as to a lost instrument. Upon the authorities cited, and also because the statute prescribing the form for the verification of pleadings does not make it obligatory to follow that precise form, but authorizes that it should be to the same " *effect*," I am further of opinion, that when the pleading is sworn to in open court, it is not necessary that there should be the clerk's *jurat* of the precise verication made, but that the appellate court will presume the verification to have been in " *effect*, " that prescribed by the statute. In this case, the clerk having appended to the bill his certificate that it was " sworn to in open court, by the plaintiff," is in my opinion sufficient.

As to the objection that the plaintiff's remedy was complete at law, that has already been answered upon the authorities cited. The demurrer was properly overruled.

The second objection, viz: that " it was error to refer the case to a special commissioner, as Brazie was:" If that had been an error, it could not now be objected to, as it should have been taken advantage of in the court below. But the record shows the appointment of the commissioner, Brazie, to take the account, to have been regular and in accord with the statute. The order refers the account to "H. W. Brazie, a master commissioner of this court." There is nothing in the record to show he was not one of the commissioners of the court; and the appellate court will consider him in this case, regularly appointed and qualified as such commissioner; and as such commissioner he was authorized to take not only the account but also the depositions, that were excepted to.

The court did not err in disregarding the plea of the

statute of limitations, because the record shows that the suit was commenced in proper time.

The answer not alleging new matter constituting a claim for affirmative relief, and not praying for affirmative relief, as an answer of that kind should do, but having merely alleged payment and set-off to the plaintiff's demand, there is no necessity for .any replication other than that filed by the plaintiff; and the defendant is not therefore, under sections 35 and 36, chapter 125 of the Code, relieved from the necessity of proving his counter claims, and especially as the answer is in no part taken for confessed.

There are other points raised. in argument, but not material for the adjudication of this case, and will not be considered. From all I can see in this record, the only point that is at all doubtful, is whether the facts of the case justify the decree. The court, as it had a right in its wise discretion to do, referred the cause to one of its commissioners to ascertain as near as possible the real facts of the case, in order to enable it to determine fully and truly the merits, that it might render a judgment and decree according to the principles of equity on the matters in controversy. The appellant, Painter, as appears from the record, has manifested a reluctant disposition to appear before the commissioner, and make known that which was within his own knowledge, and would have enabled the commissioner to have so stated an account, as to have given the court such light to have aided its conscience in decreeing according to the very right of the case; but he held back, until the court was forced to stretch forth its strong arm and direct an attachment against him, unless he did .appear before the commissioner as required; and even then he interposed frivolous objections and technicalities not consonant with his equitable duty, and not to be sanctioned in courts of equity.

It may be, that the defendant has not been allowed all credits that he is justly entitled to ; it may be, that the

plaintiff has not done equity to the appellant, Painter, but from the confused record and somewhat vague proof, I cannot say that the court has erred in giving the decree it has. Although it would have been more satisfactory had the commissioner itemised his statement of account, showing what items were allowed and what rejected, and also had the decree more specifically stated what constituted the credit it allowed of $54.60.

The appellate court will not reverse a decree in such a case unless it is clearly wrong; and as the circuit court has evidently done no great wrong, if any, in this decree, and none is apparent, I am of opinion that the said decree be affirmed, with costs and damages according to law.

DECREE AFFIRMED.