# CHARLESTON.

ELIZABETH CLIFTON v. JOHN Z. CLIFTON.

Submitted January 8, 1919.    Decided January 14, 1919.

1.  HUSBAND AND WIFE—*Obligation to Support—Enforcement—Equity Jurisdiction.*

    There is an obligation upon a husband to support and maintain his wife, and unless by her conduct, or for some other reason, he is discharged therefrom, a court of equity has jurisdiction to enforce the performance of such duty, as well upon the ground of the wife's disability to maintain an action at law against him, because of the relationship, as upon the ground of inadequacy of any remedy which courts of law are competent to afford.    (p. 150).

2.  COURTS—*Jurisdiction—Legislation.*

    Courts of equity are not deprived of the jurisdiction theretofore possessed and exercised by them by an act of the legislature conferring jurisdiction upon courts of law to grant similar relief, unless such act evinces a plain intent to take away the jurisdiction of equity; otherwise such jurisdiction will thereafter be exercised concurrently by both courts of law and equity.    (p. 151).

3.  HUSBAND AND WIFE—*Support of Wife—Enforcement—Equity Jurisdiction—Statute.*

    Chapter 51 of the Acts of the legislature of 1917, in relation to the desertion and non support of wife and children, and providing punishment therefor, does not deprive courts of equity of the jurisdiction theretofore possessed to entertain a suit by a wife to compel her husband, who refuses to do so, to make proper provision for her support and maintenance.    (p. 151).

Certified Questions from Circuit Court, Webster County.

Bill by Elizabeth Clifton against John Z. Clifton seeking maintenance and support from defendant, her husband, independent of any relief by way of divorce.    Demurrer to bill overruled, and ruling certified from the district court.

*Ruling of circuit court sustained.*

*W. T. Talbott,* for plaintiff.

*W. S. Wysong,* for defendant.

RITZ, JUDGE:

Plaintiff's bill alleges her marriage to the defendant some fourteen or fifteen years prior to the institution of the suit. It alleges his subsequent desertion and abandonment of her, that he otherwise maltreated her, and charges his failure and refusal to make provision for her proper maintenance and support. Facts are averred showing the defendant's ability to make such provision, and the court is asked to enter a decree requiring him to pay such reasonable amount as may be determined to be proper and sufficient for the support of the plaintiff. It will be observed that this is a pure bill by the plaintiff to secure her maintenance and support from her husband independent of any relief by way of divorce. A demurrer to the bill was overruled by the circuit court and the propriety of that ruling certified to this court for its decision.

It is insisted by the defendant that the court is without jurisdiction to entertain a bill by a wife against her husband seeking only maintenance and support, and not praying for divorce. The contention made is that the court only has jurisdiction to grant such relief as an incident to divorce. It is quite true that the statute conferring jurisdiction upon courts of equity to hear and determine divorce cases also confers jurisdiction to award alimony, both temporary and permanent, as incident thereto, but does this provision mark the limits of the jurisdiction of a court of equity in this regard? It cannot be doubted that there is a legal and binding obligation upon every husband to support his wife, unless she, by her conduct, relieves him thereof, and can it be said that where such an obligation exists there is no remedy for its enforcement, that the aggrieved party must depend entirely upon the will and pleasure of the one from whom the obligation is due? It is a familiar maxim of the law that there is no wrong without a remedy, and surely a wife who is denied support by her husband is wronged, and it is the duty of the properly constituted authorities to provide her a remedy for the redress of that wrong. It will not do to say that she may bring suit for divorce and get support and maintenance as an incident to any relief granted in such

suit. She may not desire a divorce; in fact, the grounds may not be sufficient to justify the awarding of a divorce. It would be unjust and inequitable to force her to accept relief which she does not want in order to secure the relief which she does desire, and to which she is justly entitled. Because of the relation of husband and wife this obligation cannot be enforced in a court of law. As we held in *Bolyard* v. *Bolyard,* 79 W. Va., 554, courts of law have no jurisdiction to entertain a suit by a wife against her husband. While she is laboring under the disability of coverture a court of equity alone has the power to grant her relief. There is another reason why resort to equity is proper in such case, even though the disability because of relationship did not exist, and that is that any remedy which a court of law is competent to give would be entirely inadequate. The neglected wife might bring an action at law on the obligation which her husband owes to her, but because of the uncertainties of human life, the liability of the fortunes of the parties to change either for the better or for the worse, any judgment which such a court might render would likely not even approximate a just determination of the rights involved; while on the other hand a court of equity can grant relief exactly commensurate with the obligation imposed upon the husband, and to which the wife is entitled. This question, however, is not an open one in.this state. It was before this court in the case of *Lang* v. *Lang,* 70 W. Va. 205. In that case the jurisdiction was sustained, and upon a review of the authorities there cited we are of opinion that the conclusion reached is a sound one.

The defendant insists, however, that chapter 51 of the Acts of 1917, being an act relating to the desertion and non support of wife and children, and providing punishment therefor, furnishes the deserted wife a means of complete and adequate redress, and that therefore a court of equity will not entertain a bill for that purpose. Even though that act does furnish a means by which a court of law can grant relief in such cases, does that deprive courts of equity of the jurisdiction which they theretofore possessed? It seems to be quite well settled that where equity has jurisdiction of a

subject matter, the fact that the legislature by a statute gives a remedy at law therefor does not deprive the equity courts of their jurisdiction, unless the statute so expressly declares. The jurisdiction thereafter will be exercised concurrently. *Corrothers* v. *Board of Education,* 16 W. Va. 527; 1 Story's Equity Jurisprudence, § 80; *Hickman* v. *Painter,* 11 W. Va. 386; *Mitchell* v. *Chancellor,* 14 W. Va. 22.

But is the remedy provided by chapter 51 of the Acts of 1917 adequate to afford relief? That statute makes it a criminal offense for a husband to desert and fail to provide for his destitute wife and children. The primary purpose of the act was to prevent such deserted and abandoned persons from becoming charges upon the public. It is the protection of the public that is sought by the act. This obligation of a husband to support and maintain his wife exists whether she is destitute or whether she is not, while the act referred to only gives the remedy in case of destitution. Then it only provides for convicting the husband of a criminal offense, putting him in jail, and working him on the road. There is no means provided in it for sequestering any of his estate, in case he has any, and applying it to the maintenance of the wife. This power is possessed by courts of equity. Should he fail or refuse to comply with the court's decree, and his ability to perform it is shown, not only may his person be seized and he be punished for disobedience of the order, but his property may likewise be seized and applied to satisfy the decree in favor of the deserted wife. So we say that the remedy provided by chapter 51 of the Acts of 1917 is primarily for the benefit of the state. It does not look so much to the protection of the deserted wife, and is entirely inadequate and insufficient to confer that complete and full relief which can be afforded by a court of equity.

We are of opinion that the demurrer to the bill was properly overruled, and answer the question certified accordingly.

*Ruling of Circuit Court sustained.*