# CHARLESTON.

SPERRY, PETITIONER, v. SANDERS, JUDGE, et al.

Submitted June 25, 1901.    Decided November 16, 1901.

CHANCERY JURISDICTION—*Judgment Lien—Prohibition.*

> In a chancery suit brought to enforce the lien of a judgment upon real estate, a circuit court has jurisdiction to determine whether or not such judgment is valid, although it may be void upon its face, and the writ of prohibition does not lie to restrain the judge of such court from proceeding in such cause. (p. 73).

Petition by J. J. Sperry for a writ of prohibition to J. M. Sanders and others.

*Writ denied.*

T. L. HUINTZE, for petitioner.

Rucker, Kellar & Anderson, for respondents.

Poffenbarger, Judge:

John Vaiden recovered, in an action of debt, in the circuit court of McDowell County, on the 18th day of March, 1895, a judgment for twenty-two dollars and sixty-two cents and costs which amount to fifteen dollars and fifteen cents. The demand sued for was a promissory note for one hundred and twenty-five dollars. The defendant's demurrer to the declaration was overruled and thereupon he plead payment of the debt and filed also a statement of sets-off under his plèa of payment, as the record states, and then the plaintiff filed a statement of counter sets-off. Trial by a jury resulted in a verdict for twenty-two dollars and sixty-two cents. A motion to set aside the verdict and grant a new trial was overruled and judgment given for the amount of the verdict and costs. Upon this judgment an execution was issued and duly returned unsatisfied, with the endorsement of the sheriff, "No property found." Then a chancery suit was instituted by Vaiden against Sperry and others in which he set out in his bill the recovery of the judgment, his effort to collect it and the fact that it remains unpaid and unsatisfied, and alleged that Sperry was the owner of certain real estate upon which the said judgment and other judgments and claims held by other persons, parties to the suit, were liens and prayed that the said real estate might be sold to satisfy the plaintiff's judgment and the other liens, according to their priorities. Other proceedings were had in said chancery cause, which it is unnecessary to give in detail here, and on the 15th day of June, 1896, the cause was referred to a commissioner to take such an account as is usual in such cases and, to the report of the commissioner, exceptions were filed by the defendant, the first of which was sustained and the cause was referred to another commissioner of the court. Before said last order of reference was executed, the defendant Sperry, on the 7th day of April, 1900, presented to this Court a petition praying for a writ of prohibition, restraining the judge of said circuit court and the said Vaiden from further proceeding in said cause, and from doing any further act to enforce the collection of said judgment and costs.

Counsel for the petitioner argues that the judgment was ren-

dered in violation of section 7 of chapter 138 of the Code which reads as follows: "In any personal action on contract, wherein it is ascertained that not more is due the plaintiff than fifty dollars, exclusive of interest, judgment shall be given for the defendant, unless the court enter of record that the matter in controversy was of greater value than fifty dollars, exclusive of interest; in which case it may give judgment for the plaintiff for what is ascertained to be due him, with or without costs, as to it may seem right." His further contention is that the suit in chancery is a proceeding to carry that judgment into effect, and the judgment, as he claims, being void and in violation of said section, the court, in taking cognizance of said chancery suit and proceeding with the same, is exceeding its legitimate powers. He regards the case of *Wilkinson* v. *Hoke,* 39 W. Va. 403, as applicable here. The argument for the respondents proceeds upon the theory that the circuit court, in the law case, had jurisdiction and power to render judgment upon the verdict, without entering upon the record that the matter in controversy was of greater value than fifty dollars, and that this Court may determine from the record, in considering the petition for writ of prohibition, what the matter in controversy was and whether of greater value than fifty dollars. Counsel for respondents say the amount sued for gave the circuit court unquestioned jurisdiction in the first instance and whatever reductions were made in the amount due the plaintiff were in the nature of sets-off and not of payments on the note, and that, upon the authority of *Maitland* v. *McDearman,* 1 Va. Cas. 131; *Neff* v. *Talbot,* 1 Va. 140; *Larowe* v. *Binns,* 2 Va. Cas. 203; and *Ferguson* v. *Highley,* 2 Va. Cas. 255, the judgment is valid. In the views of counsel on both sides the real question in the case, namely, whether, if the judgment is void and the court had no power to render it, prohibition will lie to restrain the circuit court from proceeding to consider in another case the question of the validity of the judgment in connection with its determination of whether or not it constitutes a lien upon the real estate sought to be subjected to sale to satisfy it, seems to have been overlooked. Had the writ been applied for to restrain the judge from proceeding in the action at law to enforce the judgment by execution or other process, then it would have been proper and necessary to inquire whether he had power to render

the judgment. But the proceeding which petitioner seeks to restrain is separate and distinct from, and wholly outside of, the action at law in which it is claimed the judge acted in excess of his legitimate powers.

The proceeding sought to be restrained is a suit in chancery, brought to enforce the alleged lien of a judgment, alleged to be void, against the real estate of the petitioner, and to have the same sold for the purpose of paying off and satisfying said judgment. Such cause of action clearly belongs to the chancery jurisdiction of the circuit court. The court has power and jurisdiction to hear and determine all cases of that class. It may consider whether the judgment is valid and determine that question in this case as well as in any other. Having the right to consider that question and to hear and determine it, its jurisdiction of the cause is complete and prohibition does not lie to prevent it from so proceeding even if it should err in the determination of the question to the extent of holding a judgment good and valid which is clearly void upon its face. Such error would not amount to an act in excess of the court's legitimate powers nor to an abuse of its jurisdiction. Should the court decide the question wrong, the defendant's remedy, if any, would be by appeal, as in any other chancery cause in which the court has jurisdiction and an erroneous decree is entered. Prohibition does not lie for the correction of errors and it cannot take the place of any of the ordinary proceedings for the correction of errors. Works on Courts and their Jurisdiction, 631; opinion by JUDGE SNYDER and authorities cited by him in *McConiha* v. *Guthrie*, 21 W. Va. 140. Prohibition lies "In all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or having such jurisdiction exceeds its legitimate powers." Code, chapter 110, section 1. Those are the only instances in which the writ would lie at common law. It has never been suggested that the scope of the writ was broader at common law than under our statute, but it has been said that the statute has not enlarged the common law functions of the writ. JUDGE BRANNON, in *Eastham* v. *Holt*, 43 W. Va. 619; Works on Courts and their Jur. 628. The substance of practically all the definitions of jurisdiction, found in the law books, is the power of a court or other judicial tribunal to hear and determine a cause. Works on

Courts and their Jur. 16; Freeman on Judgments, s. 118; *United States* v. *Arredondo,* 6 Pet. 691; *State of R. I.* v. *State of Mass.* 12 Pet. 617. The circuit court having the power to say, in the chancery cause, whether the judgment is valid, the writ of prohibition could have no effect, other than to forestall the action of said court and prevent it from committing any error, on the assumption that the judgment is void. As the writ does not lie except to restrain an inferior court from acting in excess or abuse of its powers and cannot be invoked for the sole purpose of correcting errors, it cannot be used to prevent an inferior court from proceeding erroneously. To permit such use of it would be to allow it to usurp, by way of anticipation, the functions of all appellate remedies. These principles forbid any inquiry here, upon this petition, as to whether the judgment is good or bad. Anything that might be said about it at this time would be merely an *obiter dictum,* for a determination of the question is not necessary to a decision of the case, nor is it proper to consider it.

The amount of the judgment and cost for which the plaintiff seeks to have the land sold being less than one hundred dollars in amount, an appeal to this Court could not be had, in case the circuit court should decree a sale of the land to satisfy the judgment, and this would be a hardship upon the defendant, if that decree should be erroneous. But the situation of the petitioner here would be no worse, in that event, than that of any other person against whom said court, in the exercise of its lawful jurisdiction, might erroneously enter a decree for a sum less than the amount required to give appellate jurisdiction. Suppose the demand were equitable in its nature and the court should enter an erroneous decree for seventy-five dollars. The defendant would be without relief, however erroneous that decree might be. The result would be the same in a case at law in which the plaintiff might sue for and recover seventy-five dollars by an erroneous judgment. In all cases in which the matter in controversy is pecuniary in its nature and is not of greater value or amount than one hundred dollars, exclusive of cost, the law compels suitors to submit to the judgment of the circuit courts, when they have jurisdiction, however erroneous their judgments may be. Constitution, article VIII, section 3, Code, chapter 113, section 3. To permit relief in such cases by prohibition, would be

to virtually nullify this constitutional provision, as well as to apply said writ where it cannot be invoked under that statute or upon the principles of common law. The scope and purpose of that writ cannot be enlarged by the Court to meet the exigency, or avert the hardship, of a particular case.

For these reasons the writ must be refused and the rule discharged.

*Writ denied.*