# CHARLESTON.

### ZULA BOWEN V. E. E. PARSONS.

Submitted October 3, 1916.    Decided October 10, 1916.

1. BASTARDS—*Bastardy Proceedings—Proof Required.*
   To warrant recovery in a bastardy proceeding by a married woman, it is absolutely necessary to prove the existence of all the conditions prescribed by the statute, as prerequisites to the right of a married woman to institute and maintain such a proceeding, the right being a purely statutory one.

2. SAME—*Bastardy Proceedings—Elements of Liability.*
   No recovery can be had in such case, in the absence of proof that the prosecutrix had lived separate and apart from her husband, for one year or more, and had not cohabited with him, at any time within such period of separation, and that she was delivered of a child after the expiration of such period and while the separation continued.

3. SAME—*Bastardy Proceedings—Pleading—Objections and Waiver.*
   The complaint instituting such proceeding is amendable, if defective, and defects therein are waived by failure to challenge its sufficiency, by a motion to quash or otherwise; the proceeding being a civil one in its nature.

Error to Circuit Court, Cabell County.

Action by Zula Bowen against E. E. Parsons. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Daugherty & Riggs,* for plaintiff in error.

*J. W. Perry,* for defendant in error.

POFFENBARGER, JUDGE:

This writ of error is to a judgment rendered on a verdict in a bastardy proceeding instituted apparently by a married woman.

Both the complaint and the warrant describe the prosecutrix as being a married woman living separate and apart from her husband, and that she is a married woman may possibly be inferred from some of the testimony, but there is

absolutely no proof that she had lived separate and apart from her husband for one year prior to the birth of the child, and without cohabitation with him, within that period. This unproved fact is absolutely essential to the maintenance of the proceeding which is entirely statutory. It can be instituted and maintained only by such persons and in such manner as the statute prescribes. A married woman can maintain it only under certain conditions. She must have lived separate and apart form her husband for a year or more, must not have cohabited with him at any time within that period, and must have been delivered of the child in question after the expiration of such year and while the separation continued. Code, ch. 80, sec. 1. As the statute does not confer the right under any other circumstances, it does not exist, and, to maintain the proceeding and recover a judgment, the prosecutrix must prove the existence of the conditions prescribed.

Much of the argument on both sides goes to the question of the paternity of the child. Of course, it is necessary to prove that the accused is the father of the child, but that is only one element of the case. Others are equally indispensable. Whether the prosecutrix is single or married must be shown, for, in the latter case, the accused may or may not be subject to prosecution, according to the circumstances. The object of the proceeding is neither compensation to the mother nor punishment to the father. It is mere indemnity against a possible charge for maintenance of the child. If the mother is married and living with the husband at the date of its birth, there is no probability of such a charge and, therefore, the right to prosecute is not conferred. If the birth occurred under conditions other than those prescribed, the legal presumption, for the purposes of maintenance at least, is that the husband is the father of the child, wherefore no provision is made for charging any other person with its support.

In view of this total lack of proof of an essential and vital element of the case, the court should have given the instruction asked for by the accused, directing the jury to find him not guilty, and also his instruction No. 2, which, if given, would have directed them to find him not guilty, if they be-

lieved from the evidence, that the prosecutrix was a married woman.

A ground of defense set up by a special plea was lack of residence of the prosecutrix in the county for one year next preceding the date of the accusation. The proof is that, for one month preceding the date of the birth of the child and for another month succeeding such date, she was at the home of her father in another county, but that, with this exception, she had resided in the county in which the proceeding was instituted for several years. She went there only to be delivered of the child and to recuperate from her illness. It would be useless to take the time and space here to demonstrate that this temporary absence from the county did not destroy the residence she had gained in the county in which the proceeding was instituted.

The complaint may be defective, but its sufficiency was not in any way challenged. At the worst, it is merely defective and not void, and, the proceeding being civil in its nature, the complaint may be amended, if necessary; and the defect therein, if any, will be waived by failure to move to quash it or otherwise question its sufficiency. 3 Ency. Pl. & Pr. 286; 5 Cyc. 658.

For the error noted, the judgment will be reversed, the verdict set aside and the case remanded.

*Reversed and remanded.*