## CHARLESTON.

### LELA WATERS v. EDWARD L. RILEY.

Submitted October 12, 1920.   Decided October 19, 1920.

1. BASTARDS—*Provisions for Support of Child Not Interfered With, in the Absence of Abuse of Discretion.*

   In a bastardy proceeding pursuant to the provisions of chapter 80, Code 1918, the amount and frequency of the payments which the putative father, if found guilty, must make for the maintenance and support of the child, the period of time during which they are to continue, and the amount of the bond required to be executed by him to guarantee due performance of the order, are matters largely intrusted by the statute to the sound discretion of the circuit court, to be exercised in the light of all the facts and circumstances of the case, and unless the ruling thereon manifestly appears to be improper, this court cannot disturb it.   (p. 253).

2. SAME—*Payments for Support of Child and Bond to Guarantee Performance Held Not Unreasonable or Excessive.*

   An order of the circuit court in a bastardy proceeding, requiring the putative father to contribute to the maintenance and support of the child the sum of $360 annually, payable in equal monthly installments at the end of each calendar month, for a period of ten years, should the child live that long, and to execute a $2,500 bond with sureties deemed sufficient to guarantee performance of the obligation so imposed, held not unreasonable or excessive, in the absence of evidence to the contrary.   (p. 253).

3. SAME—*Criminal Law—Bastardy Proceedings Not Subject to Constitutional Provision Against Cruel and Unusual Punishment.*

   A bastardy proceeding, though criminal in form, is in substance a civil suit, and therefore not subject to the constitutional inhibition against cruel and unusual punishment. (p. 253).

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Monongalia County.

Action by Lela Waters against Edward L. Riley.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

· *Glenn· Hunter* and *Chas. T. Herd,* for plaintiff in error.

*E. T. England,* Attorney General, and *Chas. Ritchie,* Assistant Attorney General, for defendant in error.

LYNCH, JUDGE:

Arrested and brought before a justice of the peace of Monongalia County upon a warrant issued by him upon the complaint of Lela Waters, an unmarried woman, charging defendant with· being the father of a male child born unto her December 27, 1918, Edward Riley, the accused, entered into a recognizance conditioned upon his appearance in the circuit court to answer such charge. He did so appear, but not by any plea contesting the truth of the complaint or warrant or demanding trial by jury, and Lela Waters waiving such trial, the court heard the evidence offered by the parties and adjudged Riley· guilty as charged in the complaint and warrant, and by an order entered of record required him to pay annually to the county court of Monongalia County, for the maintenance of the child, the sum of $360, in equal monthly installments payable at the end of each calendar month, for a period of ten years, should the child live that long, and also required him to execute a $2,500 bond with sureties deemed sufficient to secure performance of the obligation so imposed, unless discharged therefrom according to law, and adjudged against him the costs of the proceeding. This bond he gave and thereby escaped the alternative requirement for incarceration in the county jail until he should give the bond.

Reduced to their simplest form, the errors assigned for reversal of the judgment are: (1) The excessiveness of the amount required to be paid, thereby bringing it within the inhibition of the constitutional provision against the infliction of cruel and unusual punishment; (2) The requirement for monthly instead of annual payments, and the period of time during which they are to be paid; (3) The excessiveness of the bond required. The statute authorizing the proceeding is chapter 80, Code 1918. ·

The accused did not plead and did not demand a jury trial, or object to the mode of procedure, and raised no question as

87 W. Va.

to its regularity or otherwise, except as already noted. He assails the award of the sum named for the maintenance of the child as excessive and therefore within the constitutional inhibition against cruel and unusual punishment. Section 4, ch. 80, Code 1918, provides: "If the accused * * * be found guilty, the court shall order him to pay to the county court for the maintenance of the child such sums as it may deem proper for each year, until such time as the court may appoint, unless it sooner die; and shall order the father to give a bond in such penalty and with such sureties as it may deem sufficient for the performance of said order."

It is not apparent how the constitutional inhibition above referred to is involved in this case. Though criminal in form, a bastardy proceeding is in substance a civil suit. It is not a criminal prosecution, nor does it pretend to impose upon the accused any punishment for his act. Its primary purpose is to prevent the child from becoming a charge upon the county, by compelling the father to bear the burden of its maintenance and support for such period as the court shall fix, having in view all the facts and circumstances of the case, to the relief both of the state and of the mother. *Swisher* v. *Malone,* 31 W. Va. 442, 446; *Bratt* v. *Cornwell,* 68 W. Va. 541; *Bowen* v. *Parsons,* 78 W. Va. 791, 792; *Burr* v. *Phares,* 81 W. Va. 160, 162-3. The constitutional inhibition against cruel and unusual punishment relates only to criminal offenses, not to civil proceedings such as this.

Nor can an award of $360 per year, or a monthly payment of $30, over a period of ten years, be deemed unreasonable or excessive. The amount of the sum to be paid by the father the statute leaves to the determination of the court. This is a matter within its sound discretion. In determining it the court doubtless considered the status of the parties, the means of the accused and his ability to earn money, the mother's status in life, her health and means. As said in *Stahl* v. *State,* 67 Kan. 864, 866: "The amount should be such as to secure the maintenance and education of the child commensurate with the standing of its mother, and measured to some extent by the ability of its father." See also 7 C. J. 1001; *State* v. *Herbert,*

96 Kan. 490; *Hellman* v. *Karp* (Conn.), 105 Atl. 678. We are not prepared to say that an award of $30 a month, or $360 per year, for a period of ten years, is unreasonable or excessive, as the record does not contain the testimony introduced before the circuit court, without which we cannot say the action thereon was unwarranted.

Complaint is made that the court's order requires payments to be made monthly, instead of by the year, and that the period of time over which they are to be made is excessive. The statute is silent as to the frequency with which payments shall be made. It provides only that the court shall require the accused to pay "such sums as it may deem proper for each year, until such time as the court may appoint, unless it (the child) sooner die." This language discloses an intent to leave largely to the sound discretion of the court the determination of all these questions. It is readily seen that the mother can better care for the child when payments for its maintenance are made monthly than when she is compelled to wait a longer period. The same economic necessity that justifies more frequent pay days for the wage earner supports this conclusion. Nor can we say that provision for maintenance over a period of ten years is unreasonable or excessive. The statute places no limitation or restraint upon the discretion the court is empowered to exercise in such a proceeding.

The last assignment relates to the alleged excessiveness of the $2,500 bond which the court required the accused to execute to guarantee due performance of the order. This objection clearly is untenable since its amount is less by $1,100 than the aggregate of the sums which he is required to pay, namely, $3,600. There can be no doubt of his ability to enter into such a bond since he already has executed it.

For these reasons we affirm the judgment.

*Affirmed.*