# CHARLESTON.

CUNARD STEAMSHIP COMPANY, LTD., v. ARTHUR P. HUDSON, JUDGE, ETC.

Submitted January 17, 1923.    Decided February 27, 1923.

PROHIBITION—*Court, Having General Jurisdiction of Subject Matter on Face of Record, Not Deprived by Prohibition to Pass Upon Jurisdiction of Person.*

A court of general jurisdiction, having jurisdiction of the subject matter and (on the face of the record) jurisdiction of the person will not by writ of prohibition be deprived of its right to pass upon the extrinsic facts determining the jurisdiction of the person.

Original action by the State, on the relation of the Cunard Steamship Company, Limited, against Arthur P. Hudson, Judge, etc., and others, to prohibit respondent judge from proceeding further in an action against relator.

*Writ refused.*

*Price, Smith, Spilman & Clay,* for relator.
*Harold A. Ritz, Brown, Jackson & Knight,* and *Dice & Davis,* for respondents.

LITZ, JUDGE:

The relator, Cunard Steamship Company, Ltd., is a corporation organized under and by virtue of the laws of the United Kingdom of Great Britain and Ireland, with its principal place of business in Liverpool, England. It operates a line of steamships between ports in the United Kingdom of Great Britain and Ireland and ports in the United States and other parts of the world for the transportation of freight and passengers for hire, and maintains an office in the city of New York where it carries on its principal business in this country.

The respondents, Mary Jackson Ruffner and Joseph Ruffner, her husband, on July 29th, 1922, instituted in the Circuit Court of Kanawha county, West Virginia, an action of trespass on the case against the relator for damages in the amount

of $2990.00 for alleged personal injuries sustained by the said Mary Jackson Ruffner while a passenger endeavoring to board the "Empress of India," a steamship owned and operated by the relator, on her return trip from Cherbourg, France, to the city of New York.

Process, directed to the Sheriff of Kanawha county, issued July 29th, 1922, returnable to September rules, 1922. The return showing service in Kanawha county, July 29th, 1922, on David W. Patterson, and August 2d, 1922, on George N. Hancock, as agents of relator, and August 9th, 1922, on John C. Bond as Auditor of West Virginia, recites that relator is doing business as a foreign corporation in said county of Kanawha.

The respondents, Mary Jackson Ruffner and Joseph Ruffner, at September rules, 1922, filed their declaration, and a rule to plead and office judgment have been entered at rules against the relator, but no further proceedings have been taken in the case.

The relator filed its petition in this Court on January 10th, 1923, alleging that it is a foreign corporation, chartered, organized and doing business under and by virtue of the laws of the United Kingdom of Great Britain and Ireland, with its principal place of business in Liverpool, England, operating a line of steamships between ports in the United Kingdom of Great Britain and Ireland and ports in the United States and other parts of the world, and maintaining an office in the city of New York where it carries on its principal business in this country; but denying that it is doing, or has ever done, business in Kanawha county or the State of West Virginia, and further denying that either the said David W. Patterson or George N. Hancock is, or ever was, agent for the relator. The petition also avers that the purported service has no warrant in law under the facts, and is wholly insufficient to confer jurisdiction over relator; and prays that a rule may be awarded against the respondent, Arthur P. Hudson, Judge of the Circuit Court of said Kanawha county, and the respondents Mary Jackson Ruffner and Joseph Ruffner, to show cause, if any they or any of them can, why a writ of prohibition shall not be awarded the relator pro-

hibiting the said Hudson, as judge of said court, from proceeding further in said action against relator.

The rule prayed for was awarded January 10th, 1923, returnable January 16th, 1923. At the hearing upon the petition, return of respondents, and the evidence, the chief question presented and discussed in the briefs and oral arguments of counsel is whether the facts constitute "doing business" on the part of relator in Kanawha county, authorizing the bringing of suit against, and service of process upon it in that county, under sec. 1, chap. 123, and sec. 7, chap. 124, Code.

It appears that the said David W. Patterson and George N. Hancock and Kanawha National Bank of Charleston, are, and for some time have been, engaged in the city of Charleston, at the places of their other and regular businesses, in selling on commission steamship tickets for relator. They keep in supply and for sale tickets for first, second and third class passage. They communicate with the Steamship Company for space before selling first and second class tickets, but sell third class, or steerage space, tickets without inquiring, on the assumption that such accommodation is always available. The ticket accounts of these ticket sellers are periodically checked up at their places of business by inspectors or directors sent by the Steamship Company for that purpose. Upon the sale of tickets the ticket seller immediately transmits the purchase price therefor, less his commission, with notice of sale of ticket; the company requiring the payment to be remitted three weeks before the sailing date. In some cases the passenger takes the ticket received from the ticket seller to the office of the company at the port of embarkation, and exchanges it for a ship ticket before going to the vessel. In other cases he goes directly to the vessel and presents the ticket for transportation. Otherwise, these ticket sellers have no authority, and do not undertake, to represent the company.

As to whether these facts constitute "doing business" on the part of the Steamship Company in Kanawha County, West Virginia, authorizing the institution of suit against, and service of process upon it in that county, raises a serious

question of law. The petition for a writ of prohibition must clearly show by its allegations that the inferior court is about to proceed in a matter over which it has no jurisdiction. If the facts alleged leave the question of jurisdiction doubtful, the writ will be refused. *Haldeman* v. *Davis,* 28 W. Va. 324.

The propriety of entertaining prohibition in a case of this nature is, therefore, the preliminary question for solution. Sec. 1, chap. 110, Code, provides: ''The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers.'' The statute does not enlarge nor narrow the common law scope or range of the writ, *Sperry* v. *Sanders,* 50 W. Va. 70; but requires its issuance as of right in a proper case, whether there is other remedy or not. *N. & W. Ry. Co.* v. *Pinnacle Coal Company,* 44 W. Va. 574. This Court has frequently issued the writ in cases in which on the face of the record the inferior court is originally without jurisdiction, *Myers* v. *Circuit Court,* 64 W. Va. 444; *County Court* v. *Boreman,* 34 W. Va. 87; *Baker* v. *O'Brien,* 78 W. Va. 696; *St. Mary's* v. *Woods, Judge,* 67 W. Va. 110; *Gas Co.* v. *Rummel,* 78 W. Va. 196; *Charleston* v. *Littlepage,* 73 W. Va. 156; *Weil* v. *Black,* 76 W. Va. 685; or is exceeding its jurisdiction in the particular case, *McConiha* v. *Guthrie,* 21 W. Va. 134; *Ensign Co.* v. *Carroll,* 30 W. Va. 532; *Charleston* v. *Beller,* 45 W. Va. 44; *Gas Co.* v. *Holt,* 66 W. Va. 516. The writ has also been employed, and properly so, in cases of attempted fraudulent jurisdiction, *Penna. R. R.* v. *Rogers,* 52 W. Va. 450; *Peoples United Telephone System* v. *Feltner,* 87 W. Va., 71; and in those cases involving disqualification of the inferior tribunal by interest or otherwise, *Forest Coal Co.* v. *Doolittle,* 54 W. Va. 210. In such cases the fraud or disqualification may be shown *aliunde* the record.

But the case here does not come within any of the classes mentioned. On the face of the record the circuit court of Kanawha county has undoubted authority to proceed. That court's jurisdiction of the subject matter is not even ques-

tioned; nor is it claimed that there is no jurisdiction of the person from the face of the proceedings. It is, however, sought to go beyond the record and show by matters *in pais* that the recital in the return of process, showing that the relator is "doing business" in Kanawha county, is not true, and for that reason the circuit court has not acquired jurisdiction of the person.

It is proposed here not only to contradict the face of the record in a case before the circuit court, but to try out in advance by this method of collateral attack, a doubtful question of fact upon which the circuit court's jurisdiction of the person in that case depends. The rule in this respect, as laid down by Works in his book on "Courts and Their Jurisdiction," page 634, is as follows:

> "Prohibition will lie to prevent action where the court has not jurisdiction of the person, as well as in cases where there is an absence of jurisdiction of the subject matter; but where a court has jurisdiction of the subject matter and the question of its jurisdiction of the person, or of the particular case, or of some branch of or proceeding in the case, turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error for which an appeal or other similar remedy is appropriate, and prohibition is not the proper remedy."

The rule as stated is in accordance with the decisions of this Court and other authorities. *Penna. R. R.* v. *Rogers, supra; McConiha* v. *Guthrie, supra; Swinburn* v. *Smith,* 15 W. Va. 483, 498; *King* v. *Doolittle,* 51 W. Va. 91; 32 Cyc. 605; 22 R. C. L. p. 12, sec. 10.

"If the question of the court's jurisdiction depends upon issues of fact, it has power and jurisdiction to decide them, even though the evidence relied upon to prove the jurisdictional facts is wholly uncontradicted and absolutely conclusive; and it cannot be deprived of its right to do so by prohibition or any other collateral proceeding." *Keeney* v. *Judge,* 89 W. Va. 600.

The inferior court having general jurisdiction of the subject matter has the right and authority to determine whether

or not it has acquired jurisdiction of the particular case by sufficient service of process or notice upon defendant. *McConiha* v. *Guthrie, supra; County Court* v. *Boreman,* 34 W. Va. 362, 366; *Morley* v. *Godfrey,* 54 W. Va. 74.

.The learned counsel for the Steamship Company, in their exhaustive brief, cite no authority at variance with these views.

Being clearly of opinion that this is not a proper case for prohibition, the writ is refused.

*Writ refused.*