# CHARLESTON.

STATE *ex. rel.* CLYDE H. NEILL *v.* TREVEY NUTTER,
*Special Judge*

(No. 5380)

Submitted May 5, 1925.   Decided May 12, 1925.

1. CRIMINAL LAW—*Verdict Returned in Correct Form, and Signed by Foreman, is Not Affected by Statement of Juror Upon Poll That he Agreed Thereto to Get Jury Together.*

    Where the jury, having agreed to a verdict in the jury room, returned it to the court in correct form, and properly signed by the foreman, the finality of the verdict is not affected by the statement of a juror upon a poll of the jury, that he had agreed to the verdict in the jury room merely "to get the jury together," but that the verdict was not his "real opinion," when he further stated "It is my verdict on a compromise."   (p. 146).

    (Criminal Law, 16 C. J. § 2579; Trial, 38 Cyc. p. 1875).

2. MANDAMUS—*Mandamus Lies to Compel Trial Court to Receive and Enter Verdict, Proper in Form, and Representing Final Agreement of Jury.*

    The trial court may be compelled by mandamus to receive and enter a verdict which is in proper form and represents the final agreement of the jury.   (p. 149).

    (Mandamus, 26 Cyc. p. 208).

    NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Suit by the State, on the relation of Clyde H. Neill, for mandamus to be directed to Trevey Nutter, Special Judge of the Circuit Court of Marion County.

                                        *Writ awarded.*

*Neely & Lively,* for petitioner.
*Shaw & Shaw,* for Margaret J. Leathem.
Trevey Nutter, in pro. per.

HATCHER, JUDGE:

The respondent in this case presided as special judge of the Circuit Court of Marion County in an action for damages in which the petitioner herein was defendant and one Margaret J. Leathem was plaintiff.

After the jury had deliberated some time, it returned into court with a verdict signed by its foreman in favor of the defendant. Upon being asked by the special judge "So say all of you?" several jurors expressed assent, and none denied the verdict. At the request of plaintiff's counsel, the jury was thereupon polled. Upon the poll, eleven jurors answered "Yes" and one juror, J. B. Carpenter, answered "No." In explanation of his answer, Carpenter made the following statement to the court:

> "It wasn't exactly my verdict, and before I left the room I told them if—You said to get a compromise. You said yesterday to give or take. It wasn't exactly my verdict the way I saw it, but to get a compromise, to come to a verdict, I said I would do that, providing I wasn't asked in court. I made that plain to the foreman of this jury, that if I was questioned on the matter, I would make it plain. It wasn't exactly my verdict."

Two other jurors, Amos and Fleming, stated to the court that they held the same views as Carpenter. The court then had the jury to return to its room to further consider the verdict. After a while, it returned to the courtroom, and again delivered to the clerk a verdict signed by the foreman finding the defendant not guilty. The court again asked the jury, "So say all of you, gentlemen?" In response to which question, Mr. Carpenter made further explanation of his conduct, in which he stated that he had a fair understanding with the foreman and the rest of the jurors that he would sign the verdict as a compromise. He also stated:

> "This was a proposal of my own, in order to get this jury together. This was my proposal to do that, with the understanding that if you polled us—If you all noticed, I sat there when you said if that was our verdict, I didn't say yes or no, but when it come to an explanation, I could make it."

Replying to a question of attorney for plaintiff, Carpenter said, "It is my verdict on a compromise." The court then addressed juror Carpenter: "I understood you to say this

was your verdict on a compromise?" To which Carpenter replied: "I said that, to get the jury together, but not my real opinion." Carpenter also said that Fleming and Amos were of the same opinion as himself. Counsel for plaintiff then asked Mr. Fleming if it was his verdict, to which the juror replied: "It is now." The same question was put to Mr. Amos, who signified that it was his verdict "on a compromise."

The court then overruled defendant's motion to accept and record the verdict, and adjourned the jury until the following day to give opportunity, as the special judge stated, to "inform himself somewhat as to the law." Upon the return of the jury on the following morning, the court, on its own motion, directed that the jury be polled on the verdict. On that poll, ten jurors answered "Yes" and two jurors, Carpenter and Amos, answered "No." Thereupon, the court refused to receive the verdict and discharged the jury. The defendant excepted to the several rulings and actions of the trial court in refusing to record the verdict and now seeks from this court an alternative writ of mandamus, requiring the special judge to accept and record the verdict, or show cause why he should not do so.

The authorities are about equally divided on the law applicable to these facts. The writer of this opinion doubts the verdict herein having the unanimity required by law, following the cases of *Rothbauer* v. *State*, 22 Wis. 468, *Frick* v. *Reynolds*, 6 Okla. 638, and *Ostrander* v. *City of Lansing*, 70 N. W. (Mich.) 332. The other members of the court think differently, and the writer yields to their judgment.

The court holds that the statement of each reluctant juror upon the second return of the jury into court, that the verdict *was then his verdict on a compromise*, made the verdict unanimous, and gave to it such finality that the trial court should then and there have received and recorded it.. This conclusion is supported by the opinion of Judge MILLER in *Brogan* v. *Union Traction Company*, 76 W. Va. 698; also by *The Commonwealth* v. *Gibson*, 2 Va. Cases 70, *City of Conyers* v. *Kirk*, 3 S. E. (Ga.) 442, *Schoefield Gear & Pulley Co.* v. *Schoefield*, 40 Atl. (Conn.) 1046, and *McCoy* v. *Jordan*, 69 N. E. (Mass.) 358.

The opinion of the *Schoefield* case, *supra,* is particularly applicable to the present case.  The court said:

"The superior court regarded the original verdict for $2,500 as one of compromise.  Verdicts are often and properly the result of mutual concessions.  Without something of this kind, 12 men can hardly be expected to come to a unanimous conclusion upon any computation of unliquidated damages in an action of tort.  For the purpose of reaching an agreement, jurors, while they cannot rightly go contrary to their convictions, may and should, in forming those convictions, pay great regard to the opinions of their fellows. If the assessment of $2,500 in the plaintiff's favor was reached by a compromise, this, of itself, would be no reason for refusing to accept it."

Another case strongly in point is that of *McCoy* v. *Jordan, supra:*

"Where the jury, by their foreman, had signed the verdict, and it was affirmed, all the jurors assenting thereto, although one said that he did it under protest, the court properly refused to change the record and treat the result as a disagreement, although the language of a paper accompanying an affidavit of the protesting juror and his conduct at the time the jury was polled indicated that he dissented from the verdict.  The judge was not bound to continue a colloquy with the juror, after the verdict had been recorded, to discover whether he assented or not."

Authorities may be cumulated which sustain the position of the court.

"Where some of the jury disagree to the verdict after it is announced, it will nevertheless be sustained if they subsequently agree to it."
Profatt on Jury Trials, sec. 462.

"A verdict is not vitiated by the fact that a juror hesitated to agree to it, or where, in answer to the inquiry, he said it is not his verdict but he consented to it, and subsequently answers that it is his verdict, or says he consented to it under protest."
38 Cyc. 1875.

> "After the jury had returned their verdict to the court they were polled, and each juror, with one exception, answered that the verdict returned was his verdict, and that juror, a Mr. Chaplin, at first answered that he 'consented to it under protest;' and again he answered: 'I did consent under protest.' The court then said to the juror: 'Mr. Chaplin, is this your verdict?' And the juror answered: 'It is, but I consented to it under protest.' The court then discharged the jury (the verdict being recorded). Under the circumstances of this case, we think no error was committed in this respect."

*Wyley* v. *Ball,* 41 Kan. 206.

If the verdict was perfected upon the second return of the jury to the courtroom, as this court has determined, the verdict should have then been received, and the jury discharged. It was error for the trial court to adjourn the jury over until the next day. The subsequent negation of jurors Carpenter and Amos made the following morning, did not affect the finality of the verdict.

Counsel for Margaret J. Leathem contend that mandamus is not a proper remedy in this case. We are unanimously of opinion that the authorities clearly support the remedy sought.

> "The court may be compelled by mandamus to receive a verdict which is in proper form, and responsive to the issues."

26 Cyc. 208, par. s.

> "Mandamus lies to compel a judge to receive and enter a verdict and to give judgment thereon."

18 R. C. L. 305.

> "If the verdict has been unanimously agreed upon by the jury, reduced to writing in due form, returned by the jury, and regularly presented to the court, and if, for insufficient reasons, the court refuses to receive and record the same, it may be compelled to do so by a mandamus, sued out in a tribunal possessing superintending jurisdiction over it."

Thompson on Trials, 2 Vol. (2 Ed.) par. 2636.

To the same effect are the following cases: *State* v. *Beall*, 67 N. W. (Neb.) 868; *State ex rel. Webster* v. *Knight*, 46 Mo. 83; *Commonwealth* v. *Justices, etc.*, 5 Mass. 435; *Munkers* v. *Watson*, 9 Kan. 668; *Texas, etc.* v. *Hightower*, 96 S. W. (Tex.) 1071; and *Virginia* v. *Rives*, 100 U. S. 313.

The writ is therefore awarded.

*Writ awarded.*