# CHARLESTON.

STATE *ex rel* CHARLES EARSOM *v.* HARRY G. FISHER, *Spec. J., etc.*

(No. 5986)

Submitted May 11, 1927.        Decided May 17, 1927.

1. CRIMINAL LAW—*Defendant is Generally Entitled to Have Verdict of Acquittal, Rendered by Jury Properly Sworn and Impaneled, Received and Recorded and Judgment Entered Thereon.*

   When a jury, properly sworn and empaneled, have rendered a verdict of not guilty, the defendant is entitled, as a rule, to have the same received and recorded, and judgment entered thereon. (6. 661).

   (Criminal Law, 16 C. J. §§ 2612, 3102.)

2. SAME—MANDAMUS—*In Absence of Evidence of Fraud, Verdict of Acquittal, Though Based on Erroneous Instruction, Must Stand; Refusal to Enter Verdict Acquitting of Wife Desertion and Nonsupport and Rendering Judgment Thereon Held Error; Mandamus Lies to Compel Trial Court to Receive and Enter Verdict of Acquittal of Desertion and*

*Nonsupport of Wife (Code, c. 144, § 16c [1]; Const. art. 3, § 5).*

Where there is no evidence of fraud, a verdict of not guilty, though based upon an erroneous instruction as to the law of the case, must stand as a true delivery in a criminal case. (p. 662).

(Criminal Law, 16 C. J. § 2606; Mandamus, 38 C. J. § 162 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by the State, on the relation of Charles Earsom, for mandamus, to be directed to Harry G. Fisher, Special Judge.

*Writ awarded.*

*Vernon E. Rankin* and *R. A. Welch,* for relator.
*Ernest A. See* and *Harry G. Fisher,* for respondent.

WOODS, JUDGE:

Relator was tried in the circuit court of Mineral county on an indictment for desertion and non-support of his wife, under §16(c)1, Chapter 144, Code, providing in case of conviction for the imposition of a fine not exceeding five hundred dollars, or for imprisonment in the county jail not exceeding one year with hard labor, or both.

After all the evidence was in, instructions given on behalf of both the state and the defendant, and the arguments of counsel made, the jury were sent to their chamber to consider of their verdict. After some time they returned into court, and on being asked by the clerk if they had agreed, announced that they had agreed and tendered to the court the verdict, "We, the jury, find the defendant not guilty." The special judge, who tried the case, refused to receive the verdict, announcing to the jury that he desired to give an additional instruction. After reading the same to them, the jury were returned to their room to further consider of their verdict. The jury failed to come to any agreement and were discharged, and the case continued for a new trial to be had therein. Counsel for defendant, at the time the verdict was received, moved the court to receive and record it. He also

asked to be permitted to poll the jury, which was refused. He further objected to the giving of the instruction to the jury and their return to their room for a further consideration of the case. To all these actions of the court the defendant duly objected and excepted. The record clearly shows that the special judge had advised counsel for both the state and the defendant sometime prior to the return of the jury that he was preparing an instruction and intended to recall said jury for the purpose of further instructing them; that he had prepared the same, and was in the act of recalling the jury, when they voluntarily rapped and were brought in before the court and reported.

Defendant now invokes mandamus in this court to compel the trial court to receive and enter the verdict of not guilty, and to enter judgment thereon.

The sole question presented for our determination is: May a trial court refuse to accept a verdict in a criminal case, where the jury, properly sworn and impaneled, have rendered a verdict of not guilty in proper form?

Counsel have not cited any case directly in point, nor has our research revealed any. It is universally the practice and custom of all the states to receive the verdict in such case, where there is no evidence of fraud, and to pronounce judgment thereon wherever it was responsive to the issues and acquit the defendant. 1 Chitty Crim. L. p. 557; Clark's Crim. Proc. p. 485; 12 Cyc. p. 701; *State* v. *Cole,* 48 Mo. 70; *Halloran* v. *State,* 80 Ind. 586; *State* v. *Cale,* 150 N. C. 805. The State has no appeal from such verdict, and the judge has no right to set it aside. True, the Court may send the jury back to amend their verdict. *State* v. *Davis,* 31 W. Va. 390. But in the *Davis* Case, after the verdict was put in proper form by the prosecuting attorney, under the direction of the court, on a poll of the jury, one of the jurors stated that it was not his verdict. As there had been no agreement, as this Court there said: ''He did the only proper thing to be done,—directed them to retire and further consider of their verdict. There was not one word said calculated to influence them in the verdict they should render. * * * There

was nothing done in this matter to the prejudice of the prisoner.'' Later this Court again dealt with this same situation. See *State* v. *Cobbs,* 40 W. Va. 718. In that case the jury returned a verdict finding the defendant guilty of murder in the first degree. The jury had not previously been instructed as to the right of a jury to make a recommendation for punishment by confinement in the penitentiary. This court held that on request of the defendant the trial court should have given an instruction to that effect in the furtherance of justice. . The Court said: ''Where is the sound reason against giving a jury a simple, isolated instruction upon a single point, as here proposed, in a matter so vital to the prisoner, and sending them back to their chamber?'' The two foregoing cases are invoked by respondent to support his action. We do not so interpret them. The first related, as we have shown, to the admitted right of a court to return the jury for further consideration of the case where upon a poll thereof one or more of them dissented from the verdict. In the other case, there was given only a simple, isolated instruction upon a single point in the case—involving the degree of punishment. How vastly different here, where the jury made a true deliverance in the case! If they acquit the defendant, even through a mistaken notion of the law and the evidence, the case is ended under our Constitutional guarantee that no person shall be twice put in jeopardy for the same offense. W. Va. Const., Art. III, §5; *Konda* v. *U. S.,* 166 Fed. 91. As the Court aptly said in *State* v. *Savery,* (N. C.) 49 L. R. A. 585: ''The guilt or innocence of the prisoner is as little the subject of inquiry as the merits of any case can be, when it is brought before this Court on a collateral question of law. Although the prisoner, if unfortunately guilty, may escape punishment in consequence of the decision in his favor, yet it should be remembered that the same decision may be a bulwark of safety to those who, more innocent, may become the subjects of persecution, and whose conviction, if not procured on one trial, might be secured on a second or third, whether they were guilty or not.'' That the case under consideration here is a criminal case and therefore subjected

to all the rules governing criminal trials, to our mind, is unquestioned. Hence, the action of the respondent cannot be sustained on the theory that it is only quasi criminal. Under the law, as we interpret it, in this and other jurisdictions, our duty is plain. The trial court may be compelled by mandamus to receive and enter a verdict which is in proper form and represents the final agreement of the jury. *State* v. *Nutter,* 99 W. Va. 146.

We therefore award the writ.

*·Writ awarded.*