WILLIAM OPHA WOLFE *v.* HON. HARRY SHAW, *Judge, etc., et al.*

(No. 7593)

Submitted March 7, 1933. Decided March 21, 1933.

(Rehearing denied June 3, 1933)

B. W. *Craddock* and *Deem & Moist* for petitioner.
R. L. *Ramsay* and M. E. *Morgan* for respondents.

WOODS, JUDGE:

Wolfe seeks a writ prohibiting the circuit court of Marion County from proceeding further in the personal injury case of Clara Miller against himself and one Wallace Pfeffer. The injury declared on was sustained in an automobile accident in Marion County, the cars involved being driven by Wolfe and Pfeffer, respectively. The former is a substantial citizen of Gilmer County, and the latter a young man under twenty-one years of age, of Brooke County.

The circuit court's jurisdiction was challenged by plea in abatement, which alleged in effect that Pfeffer had been joined as a party defendant and served with process in Marion County as a part of a fraudulent scheme to acquire jurisdiction over Wolfe in said county. The plea was held good on demurrer. Evidence was submitted on behalf of petitioner in support of the plea. The trial court sustained a demurrer to the evidence on the ground that it failed to sustain the charges of the plea. And to this ruling, the petitioner herein duly excepted.

Where there are several parties defendant, all of whom are residents of counties other than the one in which the cause of action arose, if service is had on one of their number within the county in which the cause of action arose, process may be directed to the respective counties in which the remaining defendants reside. Code 1931, 56-1-2. Had Wolfe been the only defendant, venue under the foregoing section would be dependent upon personal service in Marion County. But the pleading sets up a case against Pfeffer as well as Wolfe. And service of process was had on Pfeffer in Marion County. So *prima facie*, the circuit court of Marion County had jurisdiction of the subject matter.

It appears from the evidence adduced in support of the plea that Clara Miller, a Miss Tyree, William Pfeffer and

Lillie Pfeffer (the latter two being father and mother, respectively, of Wallace Pfeffer), were in the car driven by Wallace Pfeffer; that the car belonged to Clara Miller; that the five were on their way to a ball game in Lewis County when the accident occurred; that sometime thereafter Wallace Pfeffer was induced to come to Fairmont, Marion County, by Clara Miller's attorneys, and while there presumably in reference to his case against Wolfe, which had been brought in Gilmer County, was served with process in separate actions instituted by the same attorneys on behalf of Clara Miller, William Pfeffer and Lillian Pfeffer against him and Wolfe; that these several plaintiffs testified in Wallace Pfeffer's action against Wolfe in plaintiff's favor; that plaintiff Clara Miller in the action now sought to be prohibited testified before the court that she had no claim against Pfeffer and that she held him blameless of any of the alleged damages resulting to her by reason of the accident. Without further comment on the evidence it suffices to say that the Court is of opinion that it was sufficient to sustain the charges in the plea; hence the demurrer to the evidence should have been overruled and the action abated.

But is prohibition the proper remedy, or must petitioner herein await a possible adverse judgment, and attack the court's ruling on his plea in abatement by writ of error?

The law is well settled in this state that a writ of prohibition may not be used to usurp or perform the functions of an appeal, writ of error or certiorari. In other words, the office of the writ is to prevent an unlawful assumption of jurisdiction, not to correct mere errors and irregularities in matters over which the inferior court has cognizance. *King* v. *Doolittle,* 51 W. Va. 91, 41 S. E. 145; *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448; *Sperry* v. *Sanders,* 50 W. Va. 70, 40 S. E. 327; *N. & W. Ry. Co.* v. *Coal Co.,* 44 W. Va. 574, 30 S. E. 196; *County Court* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490; *McConiha* v. *Guthrie,* 21 W. Va. 134; *State* v. *Kyle,* 8 W. Va. 711. But the mere fact that an applicant has a remedy by appeal or some other proceeding is not conclusive against his right to the writ. 22 R. C. L. 10. Our statute (Code 1931, 53-1-1) provides that the writ "shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior

court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers.'' In speaking of the right to invoke this extraordinary remedy, our Court, in *New Gauley Coal Corporation* v. *Herndon,* 101 W. Va. 449, 132 S. E. 879, 881, said: ''Prohibition is a writ of right made so by the statute, * * * and petitioner may elect to pursue it rather than proceed by some other method. It is a quick, inexpensive and adequate method of stopping litigation where there is no jurisdiction. Why wait the tedious length of litigation to ascertain if the very foundation of the case, jurisdiction, is wanting?'' And, again, in *Midland Invest. Co.* v. *Ballard,* 101 W. Va. 591, 133 S. E. 316, 317, we said: ''Wherever it appears that a court is proceeding in a case without jurisdiction, prohibition will issue regardless of the existence of other remedies.''

Whether or not the matter of jurisdiction could have been raised in this Court in the first instance, in view of the *prima facie* jurisdiction of the court over both the subject matter and the parties, is not before us. See *Cunard Steamship Company* v. *Hudson,* 93 W. Va. 209, 116 S. E. 511. The jurisdictional question, however, was raised in the lower court by a proper plea, and evidence submitted on behalf of petitioner in support thereof.

Should the mere fact that the court had *prima facie* jurisdiction upon the face of the pleading and process extend its authority over the case to judgment? Wolfe's exception to the action of the lower court in sustaining the demurrer to the evidence would, of course, preserve his right to raise the question again on writ of error, should an adverse judgment be entered against him. But why permit the trial to go on? A trial as to Wolfe would be futile, because any judgment rendered against him would ultimately have to fall if challenged on a writ of error.

In Montana the right to issue the writ in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law, is conferred by statute. And in *State ex rel. Lane* v. *District Court,* 51 Mont. 503, 154 P. 200, the Supreme Court of that state held that, where because of want of jurisdiction a valid judgment cannot be rendered under any conceivable circumstances, prohibition may issue though

the remedy by appeal from the final judgment be available. Such a procedure, we believe, is in accord with the spirit of our decisions, although we have no case in this state directly in point.

In view of the case presented, this Court is of opinion to grant a peremptory writ, in conformity to the prayer of the petition.

*Writ awarded.*