GUY B. DAVIS *v.* HONORABLE S. O. PRUNTY, *Judge, et al.*

(No. 7796)

Submitted November 2, 1933. Decided November 7, 1933.

*J. E. McCulley* and *F. W. Riggs,* for petitioner.
*Clyde C. Ware,* for respondents.

WOODS, JUDGE:

Guy B. Davis, the defendant in two non-support cases now before the circuit court of Doddridge County on appeal, seeks to invoke prohibition against the judge of said circuit court and the prosecuting attorney from proceeding further in the trial of said appeals, on the ground that the domestic relations

court of Cabell County has already assumed, and still retains, jurisdiction of the matters involved.

In his petition, the relator avers that, as a resident of Cabell County, on October 31, 1931, he instituted a divorce proceeding in the domestic relations court of said county, charging his wife with desertion; that the latter appeared in the suit on February 20, 1932, and filed an answer; that thereupon the court, in compliance with the prayer thereof, entered a decree requiring relator, within sixty days to pay his wife $50.00 as suit money, and beginning with February 27, 1932, to pay $5.00 a week as temporary alimony for the support of herself and child; that two warrants were sworn out before a justice of the peace of Doddridge County on November 29, 1932, at the instance of the wife, one for her non-support, the other for that of her child; that judgments were entered requiring payment of a stipulated amount weekly in each case; that an appeal was taken in each case; that upon the calling of said appeal cases for trial defendant appeared in person and by counsel, and filed pleas to the jurisdiction; that demurrers were filed thereto; that the circuit court sustained the demurrers; and that by reason of the foregoing, the circuit court of Doddridge County has no jurisdiction over the matter.

The prosecuting attorney, by counsel, demurred to the petition and rule awarded thereon, and also filed an answer supported by an affidavit of the wife to the effect that the relator had never paid her anything under the order of said domestic relations court, except $2.50, on March 7, 1932. It is the contention of the respondent aforesaid that prohibition will not lie because (1) the matter being criminal in nature is not included in the Cabell County suit; and (2) the petition does not allege compliance on his part with the order of the domestic relations court.

It is apparent from our decisions that proceedings under the non-support act (Code 1931, 48-8-1, *et seq.*) are criminal in nature. *State ex rel. Earsome* v. *Fisher, Judge,* 103 W. Va. 658, 138 S. E. 316. And that the primary purpose of the statute is to prevent deserted and abandoned persons from becoming a charge upon the public. *Clifton* v. *Clifton,* 83 W. Va. 149, 98 S. E. 72. Being so, the provision for support

in the domestic relations court's order, in the absence of compliance therewith, is not sufficient to withhold action under the non-support statute. The relator, therefore, in the absence of an allegation of such compliance, may not invoke the extraordinary writ of prohibition, which, although legal in nature, is governed in its issuance by equitable principles. *Lyons* v. *Steele,* 113 W. Va. 652, 169 S. E. 481.

*Writ denied.*