STATE *ex rel.* CARL RUFUS

*v.*

D. M. EASLEY, *Judge, etc., et al.*

(No. 9879)

Submitted October 2, 1946. Decided December 10, 1946.

*Grover C. Worrell,* for relator.

*Ira J. Partlow,* Attorney General, *W. Bryan Spillers,* Assistant Attorney General, and *Bailey & Shannon* and *Robert Bailey,* Prosecuting Attorneys, for respondents.

HAYMOND, JUDGE:

This is an original proceeding in which the petitioner, Carl Rufus, seeks a writ from this Court to prohibit the Judge of the Circuit Court of Wyoming County and the prosecuting attorney of that county from further action in the prosecution of a bastardy proceeding now pending against him in that court. A rule having issued, the respondents appeared upon the day to which it was returnable and filed their demurrer and their answer to the petition.

The issues raised by the pleadings are issues of law. No issue of fact is involved.

The petitioner, the defendant in the bastardy proceeding, at the time it was instituted against him, was a soldier in the military service of the United States and had been on active duty for a period of approximately two years. While at his home in Mullins, Wyoming County, West Virginia, on furlough, he was arrested, on August 8, 1945, upon a warrant charging him with being the father of a bastard child. He entered into bond for his appearance at the October, 1945, Term of the Circuit Court of Wyoming County, and employed counsel to represent him in that proceeding.

The case was called for trial at that term of court. A motion for a continuance, by the attorney for the petitioner, based on his absence, was overruled by the the court, and the case was brought to trial before a jury. The only evidence produced, in the absence of the defendant, consisted of the testimony of the complainant. The jury returned a verdict of not guilty, which was regular in form and was signed by the foreman.

Immediately after the jury reported, the prosecuting attorney moved the court to set aside the verdict, for the assigned reason that there was no evidence upon which to sustain a verdict of not guilty. The court did not discharge the jury at that time, and while the motion to set aside the verdict was pending, a member of the jury stated that the jury entertained some question as to the legality of the trial, and remarked that in his opinion the jurors thought the defendant was guilty. The judge of the trial court then stated that that question was one for the court to determine. At that stage, the prosecuting attorney moved the court to instruct the jury upon the question. The attorney for the petitioner, the defendant in that proceeding, objected, but the judge told the jury that the question of the right to try the defendant at that time was not before the jury; that the question was for the court to determine; and that the only question for the jury to consider was whether the defendant was guilty or not guilty. After a second statement by a juror that the jury thought the defendant was guilty, and some remarks by other jurors and the prosecuting attorney, which need not here be detailed, the judge of the trial court, over the objection of the attorney for the defendant, after saying that he would ask the jury to return to its room and reconsider its action, instructed the jury that it would have to go by the evidence in the case which had not been contradicted; that the attorney for the defendant would not say whether the defendant was or was not the father of the child, and that he did not know whether the defendant was guilty; that the only witness had testified that he was; that whether she was telling the

truth, he did not know; that if she was telling the truth, she was entitled to be believed; and that the jury should return to its room.

The jury then retired and, after a time, returned a verdict of guilty. The attorney for the defendant made timely objection to the foregoing action of the court and entered a motion to set aside the verdict of guilty. Action upon this motion was postponed until the February, 1946, term of the court, at which time the defendant renewed his motion to set aside the verdict of guilty and also moved the court to reinstate the verdict of not guilty which had first been returned by the jury. The court set aside the verdict of guilty and granted the defendant a new trial, but refused to reinstate the former verdict of not guilty. The petitioner, by this proceeding, seeks to prohibit the Circuit Court and the prosecuting attorney from again trying the case.

The petitioner bases his right to a writ of prohibition on two main grounds: (1) That the action of the Circuit Court, in rejecting the verdict of not guilty, in accepting a verdict of guilty, which was later set aside, and in undertaking to try the defendant again, after the return of a verdict of not guilty, violates the constitutional provision which forbids that any person, in any criminal case, be twice put in jeopardy of life or liberty for the same offense; and (2) that the Circuit Court is without jurisdiction to try the bastardy proceeding anew after the return of the verdict of not guilty at the former trial.

Prohibition lies, as a matter of right, in all cases of usurpation and abuse of power, when a trial court does does not have jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers. *State* v. *Blankenship,* 93 W. Va. 273, 116 S. E. 524; *Weil* v. *Black,* 76 W. Va. 685, 86 S. E. 666; *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448. It is used by appellate courts to restrain trial courts from acting without jurisdiction or from exceeding their legitimate powers, when damage or injustice may result.

*Wood County Court* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490. The writ of prohibition is purely jurisdictional, and does not lie to correct errors or to usurp the functions of a writ of error or an appeal, *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448; *Sperry* v. *Sanders,* 50 W. Va. 70, 40 S. E. 327; *Wood County Court* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490; *Wolfe* v. *Shaw,* 113 W. Va. 735, 169 S. E. 325; but when a court exceeds its powers in the trial or hearing of an action or suit, its order or decree may be corrected on writ of error or appeal after a final judgment or decree has been entered, and that fact does not in all cases preclude resort to the writ of prohibition. *White Sulphur Springs* v. *Ripley,* 124 W. Va. 486, 20 S. E. 2d 794. Where, however, because of want of jurisdiction, a trial court can not, in any circumstances, enter a valid judgment, a writ of prohibition may issue even though a writ of error to a final judgment may be available. *Wolfe* v. *Shaw,* 113 W. Va. 735, 169 S. E. 325.

The first contention of the petitioner, that the action of the trial court puts him twice in jeopardy of life or liberty, in a criminal case, for the same offense, is without merit. The Constitution of this State, Article III, Section 5, provides, in part: " * * * nor shall any person, in any criminal case, be compelled to be a witness against himself, or be twice put in jeopardy of life or liberty for the same offense." This provision of the Constitution, however, by its express language, deals only with a criminal case. It has no application to a civil action. A bastardy proceeding is a civil, not a criminal, proceeding. Though criminal in form, it is, in effect, a civil action. *Bratt* v. *Cornwell,* 68 W. Va. 541, 70 S. E. 271; *Bowen* v. *Parsons,* 78 W. Va. 791, 90 S. E. 336; *Waters* v. *Riley,* 87 W. Va. 250, 104 S. E. 559; *State* v. *Jarvis,* 121 W. Va. 496, 5 S. E. 2d 115. It is created by statute, which appears as Article 7 of Chapter 48 of the Code of West Virginia, 1931. No fine or punishment is involved in such proceedings. The only question which arises is whether the defendant is the father of the child.

*Swisher* v. *Malone,* 31 W. Va. 442, 7 S. E. 439. Its main purpose is to prevent the child from becoming a charge upon the county, by compelling the father to bear the burden of its maintenance and support, for such period as the court may fix, in view of the facts and the circumstances of the case, to the relief of the State and the mother. *Waters* v. *Riley,* 87 W. Va. 250, 104 S. E. 559. A bastardy proceeding, though criminal in form, is in substance a civil action, and is therefore not subject to the constitutional inhibition against cruel and unusual punishment. *Waters* v. *Riley,* 87 W. Va. 250, 104 S. E. 559.

The second assignment of the petitioner calls for more detailed discussion.

The action of the trial court in not entertaining the motion of the prosecuting attorney to set aside the verdict of not guilty, in commenting upon the questions of law and the evidence in the presence of the jury, and in sending the jury to its chamber for further consideration of the case, after it had returned a verdict of not guilty, and in accepting the purported verdict of guilty, was erroneous. There may not be two successive verdicts, one of not guilty and the other of guilty, as to the same defendant, by the same jury, upon a single trial of a case. When the jury returned its verdict of not guilty, regular in form and duly signed by its foreman, that verdict became the only verdict upon that trial of the case. That it was regarded as the complete and final verdict is indicated by the action of the prosecuting attorney in entering his motion to set it aside. When the verdict of a jury is in proper form, is duly signed by its foreman, and represents the final agreement of the jury, it should be received and entered by the trial court. *State* v. *Nutter,* 99 W. Va. 146, 128 S. E. 142; *State* v. *Fisher,* 103 W. Va. 658, 138 S. E. 316. That the jury had finally agreed to its verdict of not guilty, which it had returned to the court, until some of its members decided to change that finding, as a result of the discussion by the prosecuting attorney and the judge of the trial court, in its

presence and in which some of its members participated, can not admit of doubt. The jury, in reality, came to a final decision of not guilty because of an incorrect reason. But that circumstance did not efface or obliterate its actual verdict. The verdict may have been vulnerable, upon a motion to set it aside, but that fact, of itself, did not destroy it or automatically bring about its nonexistence. The judge of the trial court should have received and entered the verdict of not guilty, and, having done so, discharged the jury and entertained the motion made by the prosecuting attorney to set aside the verdict, taking, or postponing, action on the motion as he should determine in the circumstances which then existed. Neither the judge of the trial court, nor the prosecuting attorney, should have discussed the character of the verdict, with, or in the presence of, any of the jurors, and the jury should not have been instructed upon the issue involved, or the nature of the evidence, or sent again to its room for the purpose of returning another or different verdict.

The foregoing expressions in disapproval of the actions detailed above, are not, however, to be understood or considered as impairing or limiting the power and the authority of the judge of any trial court, before discharging the jury, to correct an irregularity, eliminate any surplusage, or amend the form of a verdict of a jury upon the trial of any case, when such action is necessary or proper, without changing its substance, finding or effect. The right and the duty of the judge of a trial court so to do are recognized and established by decisions of this Court. *State* v. *Davis*, 31 W. Va. 390, 7 S. E. 24; *Price Hill Colliery Company* v. *Pinkney*, 96 W. Va. 74, 122 S. E. 434; *Hostin* v. *Miller*, 114 W. Va. 455, 172 S. E. 519. See also 53 Am. Jur., Trial, §1094. The holdings in cases of that character, not being here involved, and the questions which there arose, not now being present, are not, in any wise, departed from, modified, or restricted, by any statements contained in this opinion.

The action of the trial court, in the particulars heretofore stated, though erroneous, did not, however, result in any prejudice to the petitioner, the defendant in the bastardy proceeding. It is manifest that the evidence produced upon the trial did not warrant or support a verdict of not guilty. The testimony of the complainant sufficiently established the guilt of the defendant and, if the trial court had received and accepted the verdict of not guilty, it would have been its duty, because of that evidence, to set it aside. For this reason, the action of the trial court, in refusing to reinstate the verdict, was clearly right. The second finding of the jury, which the trial court erroneously regarded as the verdict in the case, was, on motion of the defendant, set aside. By this action the effect of the error has been removed, and no prejudice has resulted to any right of the defendant.

It is clear that the Circuit Court has, and at all times has had, jurisdiction of the bastardy proceeding. It is equally clear that the defendant is subject to trial upon the charge contained in the warrant upon which the pending action is based.

There being no want of jurisdiction in the Circuit Court of Wyoming County to hear and determine the proceeding in bastardy, and that court not having in any wise acted in excess of its legitimate powers, but instead having merely committed error which has not resulted in any prejudice to the rights of the defendant in that proceeding, the petitioner is not entitled to the remedy which the writ of prohibition affords.

For the reasons stated, the writ prayed for in the petition is denied.

*Writ denied.*